## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

HITACHI MAXELL, LTD.,

     Plaintiff,

     v.

HUAWEI DEVICE USA INC. and HUAWEI
DEVICE CO., LTD.,

     Defendants.

**Civil Action No. 5:16-CV-178-RWS**

**JURY TRIAL DEMANDED**

### DEFENDANTS HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF HITACHI MAXELL, LTD.'S FIRST AMENDED COMPLAINT

Subject to their Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, Defendants Huawei Device USA Inc. and Huawei Device Co., Ltd. (collectively, "Huawei"), by and through their undersigned counsel, hereby file their Answer to the First Amended Complaint ("FAC") filed by Hitachi Maxell, Ltd. ("Hitachi Maxell") in Civil Action No. 5:16-cv-00178-RWS (Dkt. No. 17) and allege counterclaims as follows.

### OVERVIEW

1.     Huawei admits that the FAC purports to be an action for patent infringement brought by Hitachi Maxell.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of paragraph 1 and therefore denies them.

2.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.     Huawei states that the allegations in paragraph 5 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that it did not enter into an agreement to license Hitachi Maxell's patents.  Huawei denies any and all remaining allegations in paragraph 5.

## PARTIES

6.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.     Denied.  Huawei Technologies Co., Ltd. is not a Defendant.  *See* Civil Action No. 5:16-cv-00178-RWS (Dkt. No. 19).

8.     Huawei admits that Defendant Huawei Device Co., Ltd. is a Chinese corporation with a principal place of business at Bantian, Longgang District, Shenzhen, 518129 China.

9.     Huawei admits that Defendant Huawei Device USA Inc. is a Texas company with a principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

10.     Admitted.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

11.     Huawei admits that Hitachi Maxell purports to bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  Huawei denies

that it is liable for patent infringement and that Hitachi Maxell is entitled to any relief.  Huawei denies any and all remaining allegations in paragraph 11.

12.     Huawei states that the allegations in paragraph 12 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Huawei denies any and all remaining allegations in paragraph 12.

13.     Huawei states that the allegations in paragraph 13 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei does not contest that, for purposes of this action only, the Court has personal jurisdiction over Huawei.  Huawei admits that Huawei Device USA Inc. is organized under the laws of Texas, and maintains its principal place of business in this jurisdiction, but Huawei denies that it has committed any acts of patent infringement in the State of Texas or this District.  Huawei denies any and all remaining allegations in paragraph 13.

14.     Huawei states that the allegations in paragraph 14 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 14.

15.     Huawei states that the allegations in paragraph 15 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that Huawei Device USA Inc. has sold products in the State of Texas and in this District, but Huawei denies that it has committed any acts of patent infringement in the State of Texas or this District.  Huawei denies any and all remaining allegations in paragraph 15.

16.     Huawei states that the allegations in paragraph 16 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei does not contest

for purposes of this action only that venue is proper in this District.  Huawei asserts, however, that there are one or more alternative venues that are clearly more convenient to this action and reserves all rights to seek to transfer the present action to a more convenient forum.  Huawei denies any and all remaining allegations of paragraph 16, and Huawei specifically denies that it has committed acts of infringement in this District.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 5,396,443

17.     Huawei restates and incorporates by reference its answers to paragraphs 1 through 16 as if fully set forth herein.

18.     Huawei admits that the face of U.S. Patent No. 5,396,443 ("the '443 patent") bears an issue date of March 7, 1995, and is entitled "Information Processing Apparatus Including Arrangements for Activation to and Deactivation from a Power-Saving State." Huawei admits that, upon information and belief, Exhibit A to the FAC appears to be a copy of the '443 patent.  Huawei denies any and all remaining allegations in paragraph 18.

19.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Huawei states that the allegations in paragraph 20 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that Huawei Technologies Company Limited received a letter from Hitachi, Ltd., addressed to Mr. Ren Zhengfei, and dated June 10, 2013.  Huawei admits that the letter includes charts that purport to map the claim elements of some patents to some of Huawei's products.  Huawei admits that the letter includes a chart that purports to map claim 1 of the '443 patent to the Huawei myTouch product.  Huawei denies any and all remaining allegations in paragraph 20.

21.     Huawei states that the allegations in paragraph 21 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 21.

22.     Huawei states that the allegations in paragraph 22 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that the Fusion 2 includes a processor enclosed in a housing.  Huawei denies any and all remaining allegations in paragraph 22.

23.     Huawei states that the allegations in paragraph 23 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 23.

24.     Huawei states that the allegations in paragraph 24 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 24.

25.     Huawei states that the allegations in paragraph 25 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 25.

26.     Huawei states that the allegations in paragraph 26 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 26.

27.     Huawei states that the allegations in paragraph 27 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 27.

28.     Huawei states that the allegations in paragraph 28 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 28.

29.     Huawei states that the allegations in paragraph 29 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that Huawei Technologies Company Limited received a letter from Hitachi, Ltd., dated June 10, 2013, and listing the '443 patent.  Huawei denies any and all remaining allegations in paragraph 29.

30.     Huawei states that the allegations in paragraph 30 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 30.

31.     Huawei states that the allegations in paragraph 31 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 31.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 7,509,139

32.     Paragraph 32 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

33.     Paragraph 33 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

34.     Paragraph 34 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

35.     Paragraph 35 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

36.     Paragraph 36 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

37.     Paragraph 37 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

38.     Paragraph 38 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

39.     Paragraph 39 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

40.     Paragraph 40 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

41.     Paragraph 41 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

42.     Paragraph 42 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

43.     Paragraph 43 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

44.     Paragraph 44 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,754,440

45.     Huawei restates and incorporates by reference its answers to paragraphs 1 through 44 as if fully set forth herein.

46.     Huawei admits that the face of U.S. Patent No. 6,754,440 ("the '440 patent") bears an issue date of June 22, 2004, and is entitled "Video Reproducing Method and

Apparatus."  Huawei admits that, upon information and belief, Exhibit C to the FAC appears to be a copy of the '440 patent.  Huawei denies any and all remaining allegations in paragraph 46.

47.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Huawei states that the allegations in paragraph 48 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that Huawei Technologies Company Limited received a letter from Hitachi, Ltd., addressed to Mr. Ren Zhengfei, and dated June 10, 2013.  Huawei admits that the letter attaches a list including the '440 patent, and dated June 3, 2013.  Huawei denies any and all remaining allegations in paragraph 48.

49.     Huawei states that the allegations in paragraph 49 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 49.

50.     Huawei states that the allegations in paragraph 50 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 50.

51.     Huawei states that the allegations in paragraph 51 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that the Honor 8 incorporates hardware and software components configured to record and store moving and still pictures, and to generate pictorial or thumbnail representations of the recorded pictures. Huawei denies any and all remaining allegations in paragraph 51.

52.     Huawei states that the allegations in paragraph 52 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 52.

53.     Huawei states that the allegations in paragraph 53 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 53.

54.     Huawei states that the allegations in paragraph 54 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 54.

55.     Huawei states that the allegations in paragraph 55 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 55.

56.     Huawei states that the allegations in paragraph 56 contain legal conclusions that require no answer.  Huawei denies any and all remaining allegations in paragraph 56.

57.     Huawei states that the allegations in paragraph 57 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that Huawei Technologies Company Limited received a letter from Hitachi, Ltd., dated June 10, 2013, and listing the '440 patent.  Huawei denies any and all remaining allegations in paragraph 57.

58.     Huawei states that the allegations in paragraph 58 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 58.

59.     Huawei states that the allegations in paragraph 59 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 59.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 6,928,292

60.     Paragraph 60 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

61.     Paragraph 61 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

62.     Paragraph 62 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

63.     Paragraph 63 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

64.     Paragraph 64 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

65.     Paragraph 65 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

66.     Paragraph 66 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

67.     Paragraph 67 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

68.     Paragraph 68 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

69.     Paragraph 69 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

70. Paragraph 70 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

71. Paragraph 71 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

72. Paragraph 72 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

73. Paragraph 73 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

74. Paragraph 74 is subject to Huawei's Motion to Dismiss Counts 2 and 4 of the First Amended Complaint, and therefore no answer is currently required.

## <u>COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 7,203,517</u>

75. Huawei restates and incorporates by reference its answers to paragraphs 1 through 74 as if fully set forth herein.

76. Huawei admits that the face of U.S. Patent No. 7,203,517 ("the '517 patent") bears an issue date of April 10, 2007, and is entitled "Mobile Communication Terminal Device." Huawei admits that, upon information and belief, Exhibit E to the FAC appears to be a copy of the '517 patent. Huawei denies any and all remaining allegations in paragraph 76.

77. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78. Huawei states that the allegations in paragraph 78 contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies any and all allegations in paragraph 78.

79.     Huawei states that the allegations in paragraph 79 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 79.

80.     Huawei states that the allegations in paragraph 80 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that the Honor 8 includes hardware and software components for notifying the user of the interface in use.  Huawei denies any and all remaining allegations in paragraph 80.

81.     Huawei states that the allegations in paragraph 81 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 81.

82.     Huawei states that the allegations in paragraph 82 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 82.

83.     Huawei states that the allegations in paragraph 83 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 83.

84.     Huawei states that the allegations in paragraph 84 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 84.

85.     Huawei states that the allegations in paragraph 85 contain legal conclusions that require no answer.  Huawei denies any and all remaining allegations in paragraph 85.

86.     Huawei states that the allegations in paragraph 86 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that it received the FAC.  Huawei denies any and all remaining allegations in paragraph 86.

87.     Huawei states that the allegations in paragraph 87 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 87.

88.     Huawei states that the allegations in paragraph 88 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 88.

### COUNT 6 – INFRINGEMENT OF U.S. PATENT NO. 7,671,901

89.     Huawei restates and incorporates by reference its answers to paragraphs 1 through 88 as if fully set forth herein.

90.     Huawei admits that the face of U.S. Patent No. 7,671,901 ("the '901 patent") bears an issue date of March 2, 2010, and is entitled "Image Processing Apparatus and Mobile Terminal Apparatus."  Huawei admits that, upon information and belief, Exhibit F to the FAC appears to be a copy of the '901 patent.  Huawei denies any and all remaining allegations in paragraph 90.

91.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Huawei states that the allegations in paragraph 92 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 92.

93.     Huawei states that the allegations in paragraph 93 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that the

Honor 8 includes imaging sensors such as CMOS sensors that capture images and video and convert the captured images and videos into electrical signals.  Huawei admits that the Honor 8 includes a processor programmed to decode image and video data and to generate electrical signals.  Huawei denies any and all remaining allegations in paragraph 93.

94.     Huawei states that the allegations in paragraph 94 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that the Honor 8 includes an ambient light sensor.  Huawei denies any and all remaining allegations in paragraph 94.

95.     Huawei states that the allegations in paragraph 95 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 95.

96.     Huawei states that the allegations in paragraph 96 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 96.

97.     Huawei states that the allegations in paragraph 97 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 97.

98.     Huawei states that the allegations in paragraph 98 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 98.

99.     Huawei states that the allegations in paragraph 99 contain legal conclusions that require no answer.  Huawei denies any and all remaining allegations in paragraph 99.

100.    Huawei states that the allegations in paragraph 100 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei admits that it received the FAC.  Huawei denies any and all remaining allegations in paragraph 100.

101.    Huawei states that the allegations in paragraph 101 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 101.

102.    Huawei states that the allegations in paragraph 102 contain legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in paragraph 102.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is necessary.  To the extent a response is required, Huawei denies any allegations contained in the Prayer for Relief, and denies that Hitachi Maxell is entitled to any of the requested relief.

## JURY TRIAL DEMANDED

No response to the Jury Trial Demand is necessary.  To the extent a response is required, Huawei denies any allegations contained in the Jury Trial Demand, and denies that Hitachi Maxell is entitled to any of the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden Huawei would not otherwise have, Huawei asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

The FAC fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

## SECOND DEFENSE
### (Invalidity)

Each claim of the '443 patent, '440 patent, '517 patent, and '901 patent (collectively, "the Asserted Patents") is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Non-infringement)

Huawei has not directly or indirectly infringed any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE
### (Limitation on Damages Under Section 286)

Hitachi Maxell's claim for damages is barred to the extent Hitachi Maxell seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

## FIFTH DEFENSE
### (Limitation on Damages and Costs Under Sections 287 and 288)

Hitachi Maxell's claim for damages prior to the date of notice to Huawei is barred to the extent Hitachi Maxell has failed to comply with the requirements of 35 U.S.C. § 287. Hitachi Maxell is barred from recovering any claim for costs according to 35 U.S.C. § 288.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

Hitachi Maxell's claim is barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Hitachi Maxell alleges infringement under the doctrine of equivalents.

## SEVENTH DEFENSE
### (Equitable Doctrines)

Hitachi Maxell's claim is barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, acquiescence, and/or unclean hands.

## EIGHTH DEFENSE
### (License and Exhaustion)

Hitachi Maxell's claim is barred to the extent that Hitachi Maxell has licensed, either expressly or impliedly, the alleged infringement, or has otherwise exhausted its rights and remedies as to the alleged infringement.

## NINTH DEFENSE
### (Limitation for Sales Covered by 28 U.S.C. § 1498(a))

Hitachi Maxell's remedies are limited under 28 U.S.C. § 1498(a) to the extent that Hitachi Maxell accuses products or services that are provided, made, or used by or for the government of the United States of America.

## TENTH DEFENSE
### (No Basis for Injunctive Relief)

Hitachi Maxell cannot show that it is entitled to injunctive relief.

## ELEVENTH DEFENSE
### (Inequitable Conduct)

The '440 patent is unenforceable by reason of inequitable conduct before the United States Patent and Trademark Office ("USPTO").  Huawei hereby incorporates by reference the allegations of its Fourth Counterclaim as though fully set forth herein.

## <u>COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 13, Huawei Device USA Inc. and Huawei Device Co., Ltd. (collectively, "Huawei") counterclaim against Hitachi Maxell, Ltd. ("Hitachi Maxell") and, in support thereof, allege the following:

## PARTIES

1.     Counterclaim-Plaintiff Huawei Device USA Inc. is a Texas company with a principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

17

2.      Counterclaim-Plaintiff Huawei Device Co., Ltd. is a Chinese corporation with a principal place of business at Bantian, Longgang District, Shenzhen, 518129 China.

3.      Upon information and belief, Counterclaim-Defendant Hitachi Maxell, Ltd. is a Japanese corporation with a registered place of business at 1-1-88, Ushitora, Ibaraki-City, Osaka 567-8567 Japan.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Huawei's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a).  An actual, substantial, and continuing justiciable controversy exists between Huawei and Hitachi Maxell based on Hitachi Maxell having filed a Complaint and the First Amended Complaint ("FAC") against Huawei alleging infringement of '443 patent, '440 patent, '517 patent, and '901 patent (collectively, "the Asserted Patents"), with respect to which Huawei requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the Asserted Patents and the right of Hitachi Maxell to maintain suit for alleged infringement of the Asserted Patents.

5.      The Court has personal jurisdiction over Hitachi Maxell, *inter alia*, because Hitachi Maxell has submitted to the personal jurisdiction of this Court by filing the Complaint and the FAC here.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), *inter alia*, because Hitachi Maxell has submitted to the venue of this Court by filing its Complaint and FAC here.

## FIRST COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

7.      Huawei incorporates Paragraphs 1–6 of its Counterclaims as if fully set forth herein.

8.      Huawei has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the Asserted Patents and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

9.      An actual controversy exists between Huawei and Hitachi Maxell based on Hitachi Maxell having filed its Complaint and FAC against Huawei alleging infringement of the Asserted Patents.

10.     Huawei has been injured and damaged by Hitachi Maxell filing its Complaint and FAC asserting patents that Huawei does not infringe.

11.     Huawei therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the Asserted Patents.

12.     This is an exceptional case entitling Huawei to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

<u>**SECOND COUNTERCLAIM**</u>

**(DECLARATORY JUDGMENT OF PATENT INVALIDITY)**

13.     Huawei incorporates paragraphs 1–12 of its Counterclaims as if fully set forth herein.

14.     The Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 100, 101, 102, 103, and 112.

15.     An actual controversy exists between Huawei and Hitachi Maxell based on Hitachi Maxell having filed its Complaint and FAC against Huawei alleging infringement of the Asserted Patents.

16.     Huawei has been injured and damaged by Hitachi Maxell filing its Complaint and FAC asserting invalid patents.

17.     Huawei therefore seeks a declaration that the Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq.*

18.     This is an exceptional case entitling Huawei to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

19.     Huawei incorporates paragraphs 1–18 of its Counterclaims as if fully set forth herein.

20.     The Asserted Patents are unenforceable under one or more of the equitable doctrines of patent misuse, unclean hands, equitable estoppel, promissory estoppel, and implied license.

21.     An actual controversy exists between Huawei and Hitachi Maxell based on Hitachi Maxell having filed its Complaint and FAC against Huawei alleging infringement of the Asserted Patents.

22.     Huawei has been injured and damaged by Hitachi Maxell filing its Complaint and FAC asserting unenforceable patents.

23.     Huawei therefore seeks a declaration that the Asserted Patents are unenforceable.

24.     This is an exceptional case entitling Huawei to an award of its attorneys'

fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '440 PATENT FOR INEQUITABLE CONDUCT)

25.     Huawei incorporates paragraphs 1–24 of its Counterclaims as if fully set

forth herein.

26.     Hitachi Maxell contends that the '440 patent is valid and enforceable.

27.     Huawei denies Hitachi Maxell's contention and alleges that the '440

patent is unenforceable due to inequitable conduct committed during prosecution, the particular

facts and circumstances of which are set forth below.

28.     On information and belief, Masaru Takahashi and Junji Shiokawa are the

sole named inventors of the '440 patent.

29.     On information and belief, Melvin Kraus, Paul J. Skwierawski, and Alan

E. Schiavelli, all of Antonelli, Terry, Stout & Kraus, LLP prosecuted the application that led to

the '440 patent.

30.     The face of the '440 patent states that Masaru Takahashi and Junji

Shiokawa filed application No. 10/191,113 on July 10, 2002.  The face of the '440 patent states

that application No. 10/191,113 is a continuation of application No. 09/446,338.  The face of the

'440 patent bears an issue date of June 22, 2004.  The face of the '440 patent claims priority to

Japanese application No. P11-189868 filed on July 5, 1999.

31.     Each individual associated with the filing and prosecution of a patent

application has a duty of candor and good faith in dealing with the United States Patent and

Trademark Office ("USPTO").  The duty of candor and good faith includes a duty to disclose to

the USPTO all information known to the individual to be material to patentability.  The duty of candor and good faith extends to each inventor named in the application, each attorney who prepares or prosecutes the application, and every other person substantively involved in the preparation or prosecution of the application.

32.     The withholding of material prior art with the intent to deceive the USPTO is a violation of the duty of disclosure under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

33.     Masaru Takahashi, Junji Shiokawa, Melvin Kraus, Paul J. Skwierawski, Alan E. Schiavelli, and/or others substantively involved in the prosecution of the '440 patent owed the USPTO a duty of candor and good faith during the prosecution of the '440 patent.

34.     The duty to disclose was a continuing one, continuing until and through the date of issuance of the '440 patent.

35.     On December 1, 1999, Masaru Takahashi and Junji Shiokawa executed and filed with the USPTO a Power of Attorney, wherein Masaru Takahashi and Junji Shiokawa acknowledged their duty under 37 C.F.R. § 1.56 to disclose all information known to them to be material to patentability.  This Power of Attorney was filed with the USPTO for the '440 patent.

36.     On information and belief, Masaru Takahashi, Junji Shiokawa, Melvin Kraus, Paul J. Skwierawski, Alan E. Schiavelli, and/or others substantively involved in the prosecution of the '440 patent were aware of information material to the patentability of the claims of the '440 patent and withheld that information from the USPTO with the intent to deceive the USPTO.

37.     On information and belief, on January 27, 1997, Hitachi, Ltd. issued a press release, entitled "Hitachi Introduces World's First MPEG Camera in Japan" ("the

22

MPEGCAM Press Release").  The MPEGCAM Press Release states that Hitachi, Ltd. plans to release in Japan "the world's first Moving Picture Experts Group (MPEG) camera" on February 22, 1997.  The MPEGCAM Press Release further states that Hitachi's MPEG camera records moving pictures in MPEG and still pictures in JPEG.  The MPEGCAM Press Release states that "[t]humbnail representations of video files on the LCD screen make it easier to locate one particular image."

38.      On information and belief, the MPEGCAM Press Release refers to Hitachi, Ltd.'s MPEGCAM$^{TM}$ MP-EG1A product ("MPEGCAM").

39.      On information and belief, the instruction manual for the MPEGCAM ("the MPEGCAM Instruction Manual"), published in 1997, describes the MPEGCAM's functionality.  The MPEGCAM Instruction Manual states that the MPEGCAM is capable of recording moving pictures as well as still pictures.  The MPEGCAM Instruction Manual further states that the MPEGCAM saves moving picture in the MPEG format.  The MPEGCAM Instruction Manual also states that the MPEGCAM saves still pictures in JPEG format.  The MPEGCAM Instruction Manual shows that the MPEGCAM displays thumbnails for the corresponding moving pictures and still pictures.  The MPEGCAM Instruction Manual shows that the MPEGCAM allows the user to select a thumbnail to display the corresponding picture. The MPEGCAM Instruction Manual further explains that the MPEGCAM also has the ability to output the display to a TV.  A picture of the MPEGCAM from the front page of the MPEGCAM Instruction Manual is shown below:



      40.     An article published in October 1997 by Hitachi, Ltd. in Hitachi Review journal ("the Hitachi Review Article") mirrors the disclosure of the instruction manual.  Entitled "PC Data-Compatible MPEG Camera," the Hitachi Review Article discloses in Figure 4 the thumbnails for a moving picture and a still picture.  The Hitachi Review Article further explains that "[b]rowsing and simple editing with thumbnail pictures become possible, as shown in Fig. 4, using the newly developed in-camera software."  An excerpt from Figure 4 of the Hitachi Review Article is shown below:



41.     On information and belief, Junji Shiokawa was aware of the MPEGCAM because he was involved in the development of the MPEGCAM.  On information and belief, Junji Shiokawa described the development of the MPEGCAM on December 4, 1997 in a presentation entitled "Development of MPEG Camera" in 1997 IEEE International Symposium on Consumer Electronics.  On information and belief, Junji Shiokawa is a co-author of the article published in connection with the December 4, 1997 presentation ("the Shiokawa Article").  The Shiokawa Article states that "[w]e have developed a handy digital camera to record MPEG-1 video and JPEG still photo."  The Shiokawa Article includes a photo of the MPEG camera, as shown below.

**Picture1: Outlook of MPEG camera**



42.     On information and belief, the MPEG camera in the Shiokawa Article refers to the MPEGCAM.  The Shiokawa Article further states that the MPEGCAM has a "Media Navigation System" that "displays thumbnail images for a user to manage files easly. [sic]"

43.     On information and belief, Masaru Takahashi was aware of the MPEGCAM or should have been aware, because he was involved in the development of the

MPEGCAM and/or the later versions of the MPEGCAM.  On information and belief, on June 22, 1999, Masaru Takahashi made a presentation, entitled "A Low-power MPEG-2 CODEC LSI for Consumer Cameras" in International Conference on Consumer Electronics.  On information and belief, Masaru Takahashi is a co-author of the article published in connection with the June 22, 1999 presentation ("the Takahashi Article").  The Takahashi Article states that "[w]e have developed a low-power MPEG-2 CODEC LSI which has MPEG-2 encoding and decoding functions, high resolution still picture functions and a progressive frame encoding functions."  The Takahashi Article states that the LSI is developed for consumer cameras.  On information and belief, the MPEGCAM uses MPEG-1 CODEC LSI.  On information and belief, MPEG-2 CODEC LSI described in the Takahashi Article is a next-generation product of MPEG-1 CODEC LSI.  On information and belief, Masaru Takahashi developed MPEG-2 CODEC LSI for use in a next-generation product of the MPEGCAM.

44.    On information and belief, Melvin Kraus, Paul J. Skwierawski, or Alan E. Schiavelli, all of Antonelli, Terry, Stout & Kraus, LLP, were aware of the MPEGCAM because Antonelli, Terry, Stout & Kraus, LLP prosecuted patents for the MPEGCAM.     On information and belief, Antonelli, Terry, Stout & Kraus, LLP filed application No. 09/653,586 on August 31, 2000, which issued as U.S. Patent No. 6,651,212 ("the '212 patent) on November 18, 2003.  On information and belief, the MPEGCAM was one of the embodiments of the invention in the '212 patent.  For example, on information and belief, Figure 10 of the '212 patent shows a sketch of the MPEGCAM as an embodiment of the invention.  Figure 10 of the '212 patent is shown below:

# FIG. 10



45.     On information and belief, Masaru Takahashi, Junji Shiokawa, Melvin Kraus, Paul J. Skwierawski, Alan E. Schiavelli, and others substantially involved in the prosecution of the application resulting in the '440 patent were aware of or should have been aware of the MPEGCAM, the MPEGCAM Press Release, MPEGCAM Instruction Manual, the Hitachi Review Article, the Shiokawa Article, and other materials related to the MPEGCAM (collectively, "the Material Information"), and their contents during the time that the application resulting in the '440 patent was pending before the USPTO.

46.     On information and belief, the Material Information is each and in combination highly material to the patentability of the '440 patent because a reasonable examiner would not have allowed the claims had the examiner been aware of the Material Information during prosecution.  A reasonable examiner would have considered the information regarding the Material Information highly material in examining all claims of the '440 patent because of the similarity of the subject matter involved, and the disclosure in the Material Information of numerous limitations found in those claims.

47.     On information and belief, Masaru Takahashi and Junji Shiokawa submitted an information disclosure statement on July 10, 2002, and a supplemental information disclosure statement on February 10, 2004, neither of which disclosed the Material Information. On information and belief, during the time that the application resulting in the '440 patent was pending, the Material Information was never disclosed to the USPTO.

48.     On information and belief, Masaru Takahashi, Junji Shiokawa, Melvin Kraus, Paul J. Skwierawski, Alan E. Schiavelli, and/or others substantially involved in the prosecution of the application resulting in the '440 patent intentionally failed to disclose the Material Information with intent to deceive or mislead the USPTO, and/or acted in reckless disregard of their duty to disclose material information.

49.     For the foregoing reasons, the '440 patent is unenforceable due to inequitable conduct in withholding material prior art with the intent to deceive the USPTO.

50.     This is an exceptional case under 35 U.S.C. § 285 because Hitachi Maxell filed its Complaint and FAC with knowledge of the facts stated in this Counterclaim.

51.     An actual and justiciable controversy exists between Counterclaim-Plaintiff Huawei and Counterclaim-Defendant Hitachi Maxell regarding the enforceability of the '440 patent.

52.     Under 28 U.S.C. §§ 2201 and 2202, Huawei is entitled to a declaratory judgment that the '440 patent is unenforceable.

## RESERVATION OF RIGHTS TO ASSERT
## ADDITIONAL DEFENSES OR COUNTERCLAIMS

Huawei reserves the right to amend or supplement its Answer, Defenses, and Counterclaims, or file a new Answer, Defenses, and Counterclaims as to Count 2 (the '139 patent) and Count 4 (the '292 patent), after the Court has ruled on Huawei's Motion to Dismiss

Counts 2 and 4.  Huawei has not knowingly or intentionally waived any applicable defenses or counterclaims, and it reserves the right to assert and rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of this action. Huawei continues to investigate this matter and reserves the right to amend or seek to amend its Answer to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## DEMAND FOR JURY TRIAL

Huawei demands a jury trial on all issues that may be so tried.

## HUAWEI'S REQUEST FOR RELIEF

WHEREFORE, Huawei prays for the following judgment and relief:

A.      A judgment denying and dismissing all of Hitachi Maxell's claims with prejudice and denying Hitachi Maxell's request for reasonable and entire compensation;

B.       A judgment declaring that Huawei has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the Asserted Patents;

C.      A judgment declaring that the claims of the Asserted Patents are invalid;

D.      A judgment declaring that the Asserted Patents are unenforceable;

E.      A judgment awarding to Huawei the costs and disbursements of the action, including reasonable attorneys' fees;

F.      A judgment denying any and all relief sought by Hitachi Maxell in its complaints; and

G.      A judgment granting such other relief as the Court deems just and proper.

Dated:  March 6, 2017                    By: */s/ Stanley Young*

                                         Stanley Young (syoung@cov.com)
                                             Admitted in E.D. Texas; CA Bar. No. 121180
                                         Robert T. Haslam (rhaslam@cov.com)
                                         Anupam Sharma (asharma@cov.com)
                                         Hyun S. Byun (hbyun@cov.com)
                                         COVINGTON & BURLING LLP
                                         333 Twin Dolphin Drive, Suite 700
                                         Redwood Shores, CA 94065-1418
                                         Telephone: (650) 632-4700
                                         Facsimile: (650) 632-4800

                                         Gregory S. Nieberg (gnieberg@cov.com)
                                         COVINGTON & BURLING LLP
                                         The New York Times Building
                                         620 Eighth Avenue
                                         New York, NY 10018-1405
                                         Telephone: (212) 841-1000
                                         Facsimile: (212) 841-1010

                                         Derek J. Andros (dandros@cov.com)
                                         COVINGTON & BURLING LLP
                                         One CityCenter
                                         850 Tenth Street, NW
                                         Washington, DC 20001-4956
                                         Telephone: (202) 662-6000
                                         Facsimile: (202) 662-6291

                                         Jennifer P. Ainsworth
                                         (jainsworth@wilsonlawfirm.com)
                                         Wilson, Robertson & Cornelius, P.C.
                                         909 ESE Loop 323, Suite 400
                                         Tyler, Texas 75701
                                         Telephone: (903) 509-5001
                                         Facsimile: (903) 509-5091

                                         *Attorneys for Defendants*
                                         **HUAWEI DEVICE USA INC. AND
                                         HUAWEI DEVICE CO., LTD.**

## CERTIFICATE OF SERVICE

I certify that, on March 6, 2017, I filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will serve the same upon all counsel of record who have consented to electronic service.

*/s/  Rohna Houston*
Rohna Houston