IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| HITACHI MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> HUAWEI DEVICE USA, INC., and HUAWEI DEVICE CO., LTD., <br><br> *Defendants*. | Civil Action No. 5:16-CV-178-RWS <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF/COUNTER-CLAIM DEFENDANT HITACHI MAXELL'S ANSWER TO HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI DEVICE CO., LTD'S COUNTERCLAIMS**

Plaintiff Hitachi Maxell, Ltd. ("Hitachi Maxell"), by and through its undersigned counsel, hereby answer the Counterclaims ("Counterclaims") filed by Huawei Device USA, Inc., and Huawei Device Co., Ltd. (collectively, "Defendants") as part of Defendants' Answer and Counterclaims to Hitachi Maxell's First Amended Complaint ("FAC").  Hitachi Maxell hereby responds in numbered paragraphs corresponding to the numbered paragraphs of the Counterclaims, and in doing so, denies the allegations of the Counterclaims except as specifically stated.

**PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

## JURISDICTION, AND VENUE

4. Hitachi Maxell admits that this Court has subject matter jurisdiction over Defendants' counterclaims, including under Title 28 of the United States Code. Hitachi Maxell admits that, in its FAC against Defendants, it alleged that the Defendants infringed U.S. Patent Nos. 5,396,443 (the "'443 patent"), 7,509,139 (the "'139 Patent"), 6,754,440 (the "'440 Patent"), 6,928,292 (the "'292 Patent"), 7,203,517 (the "'517 Patent"), and 7,671,901 (the "'901 patent") (the "Asserted Patents"). Except as expressly admitted, Hitachi Maxell denies the remaining allegations of paragraph 4, and denies that Defendants' counterclaims have merit.

5. Admitted.

6. Admitted.

## FIRST COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

7. Hitachi Maxell incorporates paragraphs 1-6 above by reference.

8. Hitachi Maxell denies each and every allegation contained in paragraph 8.

9. Hitachi Maxell admits that an actual controversy between Defendants and Hitachi Maxell exists based on Defendants' infringement of the Asserted Patents as set forth in Hitachi's Complaint and FAC. Except as expressly admitted, Hitachi Maxell denies the remaining allegations of paragraph 9.

10. Hitachi Maxell denies each and every allegation contained in paragraph 10.

11. Hitachi Maxell states that the allegations in paragraph 11 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell denies the allegations in paragraph 11.

12. Hitachi Maxell denies each and every allegation contained in paragraph 12.

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF PATENT INVALIDITY)

13. Hitachi Maxell incorporates paragraphs 1-12 above by reference.

14. Hitachi Maxell denies each and every allegation contained in paragraph 14.

15. Hitachi Maxell admits that an actual controversy between Defendants and Hitachi Maxell exists based on Defendants' infringement of the Asserted Patents as set forth in Hitachi's Complaint and FAC.  Except as expressly admitted, Hitachi Maxell denies the remaining allegations of paragraph 15.

16. Hitachi Maxell denies each and every allegation contained in paragraph 16.

17. Hitachi Maxell states that the allegations in paragraph 17 contain legal conclusions that do not require a response.  To the extent a response is require, Hitachi Maxell denies the allegations in paragraph 17.

18. Hitachi Maxell denies each and every allegation contained in paragraph 18.

## THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

19. Hitachi Maxell incorporates paragraphs 1-18 above by reference.

20. Hitachi Maxell denies each and every allegation contained in paragraph 20.

21. Hitachi Maxell admits that an actual controversy between Defendants and Hitachi Maxell exists based on Defendants' infringement of the Asserted Patents as set forth in Hitachi's Complaint and FAC.  Except as expressly admitted, Hitachi Maxell denies the remaining allegations of paragraph 21.

22. Hitachi Maxell denies each and every allegation contained in paragraph 22.

23. Hitachi Maxell states that the allegations in paragraph 23 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell denies the allegations in paragraph 23.

24. Hitachi Maxell denies each and every allegation contained in paragraph 24.

## FOURTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '440 PATENT FOR INEQUITABLE CONDUCT)

25. Hitachi Maxell incorporates paragraphs 1-24 above by reference.

26. The '440 Patent was duly issued on June 22, 2004, and is valid and enforceable. Further, under 35 U.S.C. § 282, the '440 Patent is presumed valid. Hitachi Maxell denies the allegations of paragraph 26.

27. Hitachi Maxell denies each and every allegation contained in paragraph 27.

28. Hitachi Maxell admits that Masaru Takahashi and Junji Shiokawa are the named inventors on the '440 Patent. Except as expressly admitted, Hitachi Maxell otherwise denies the allegations of paragraph 28.

29. Hitachi Maxell admits that Melvin Kraus, Paul J. Skwierawski, and Alan E. Schiavelli, all of Antonelli, Terry, Stout & Kraus, LLP appeared as prosecution counsel for the application that led to the '440 patent. Except as expressly admitted, Hitachi Maxell otherwise denies the allegations of paragraph 29.

30. Admitted.

31. Hitachi Maxell states that the allegations in paragraph 31 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell denies the allegations of paragraph 31.

32. Hitachi Maxell states that the allegations in paragraph 32 contain legal conclusions that do not require a response.  To the extent a response is require, Hitachi Maxell denies the allegations of paragraph 32.

33. Hitachi Maxell states that the allegations in paragraph 33 contain legal conclusions that do not require a response.  To the extent a response is require, Hitachi Maxell denies the allegations of paragraph 33.

34. Hitachi Maxell states that the allegations in paragraph 34 contain legal conclusions that do not require a response.  To the extent a response is require, Hitachi Maxell denies the allegations of paragraph 34.

35. Hitachi Maxell admits that Masaru Takahashi and Junji Shiokawa executed and filed a Power of Attorney with the USPTO for the application, which matured into the '440 patent.  As to the remaining allegations, Hitachi Maxell states that the document speaks for itself and therefore no further response is required. Except as expressly admitted, Hitachi Maxell otherwise denies the allegations of paragraph 35.

36. Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37. Hitachi Maxell states that the document speaks for itself and therefore no response is required.  To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38. Hitachi Maxell states that the document speaks for itself and therefore no response is required.  To the extent a response is required, Hitachi Maxell is without knowledge

or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39. Hitachi Maxell states that the document speaks for itself and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40. Hitachi Maxell states that the document speaks for itself and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41. Hitachi Maxell states that the document speaks for itself and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42. Hitachi Maxell states that the document speaks for itself and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43. Hitachi Maxell states that the document speaks for itself and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44. Hitachi Maxell admits that the law firm of Antonelli, Terry, Stout & Kraus, LLP assisted in prosecuting patents for Hitachi, Ltd., including the application No. 09/653,586, which matured into U.S. Patent No. 6,651,212 ("the '212 patent"). Hitachi Maxell admits that the '212 patent contains Figure 10, which is reproduced in paragraph 44. Except as expressly admitted, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 and therefore denies them.

45. Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46. Hitachi Maxell states that the allegations in paragraph 46 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47. Hitachi Maxell admits that Masaru Takahashi and Junji Shiokawa submitted an information disclosure statement on July 10, 2002, and a supplemental information disclosure statement on February 10, 2004. As to the remaining allegation, Hitachi Maxell states that the documents speak for themselves and therefore no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48. Hitachi Maxell states that the allegations in paragraph 48 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Hitachi Maxell states that the allegations in paragraph 49 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell denies the allegations in paragraph 49.

50.     Hitachi Maxell denies each and every allegation contained in paragraph 50.

51.     Hitachi Maxell admits that an actual controversy between Defendants and Hitachi Maxell exists based on Defendants' infringement of the Asserted Patents as set forth in Hitachi's Complaint and FAC. Hitachi Maxell denies the remaining allegations of paragraph 51.

52.     Hitachi Maxell states that the allegations in paragraph 52 contain legal conclusions that do not require a response. To the extent a response is require, Hitachi Maxell denies the allegations in paragraph 52.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES OR COUNTERCLAIMS

The purported allegations contained in the unnumbered paragraph within this section of Defendants' Counterclaims are statements as to which no response is required. To the extent a response is required, Hitachi Maxell is without knowledge or information sufficient to form a belief as to the truth of the allegations of the unnumbered paragraph and therefore denies them.

## JURY TRIAL DEMANDED

Hitachi Maxell does not contest a jury trial for all issues so triable herein.

## PRAYER FOR RELIEF

Hitachi Maxell denies that Defendants are entitled to the requested relief or any or further relief.

| | |
|---|---|
| Dated: March 28, 2017 | By:  /s/ James A. Fussell, III |
| | Geoffrey Culbertson |
| | Kelly Tidwell |
| | Patton, Tidwell & Culbertson, LLP |
| | 2800 Texas Boulevard (75503) |
| | Post Office Box 5398 |
| | Texarkana, TX 75505-5398 |
| | Telephone: (903) 792-7080 |
| | Facsimile: (903) 792-8233 |
| | gpc@texarkanalaw.com |
| | kbt@texarkanalaw.com |
| | |
| | Jamie B. Beaber |
| | Alan M. Grimaldi |
| | Kfir B. Levy |
| | James A. Fussell, III |
| | (D.C Bar No. 977275) |
| | Baldine B. Paul |
| | Tiffany A. Miller |
| | Saqib Siddiqui |
| | MAYER BROWN LLP |
| | 1999 K Street, NW |
| | Washington, DC 20006 |
| | Telephone: (202) 263-3000 |
| | Facsimile: (202) 263-3300 |
| | jbeaber@mayerbrown.com |
| | agrimaldi@mayerbrown.com |
| | klevy@mayerbrown.com |
| | jfussell@mayerbrown.com |
| | bpaul@mayerbrown.com |
| | tmiller@mayerbrown.com |
| | ssiddiqui@mayerbrown.com |
| | |
| | Amanda K. Streff |
| | MAYER BROWN LLP |
| | 71 S. Wacker Drive |
| | Chicago, IL  60606 |
| | (312) 782-0600 |
| | astreff@mayerbrown.com |
| | |
| | *Counsel for Plaintiff Hitachi Maxell, Ltd.* |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of March, 2017, with a copy of this document via the Court's CM/ECF system per local Rule CV-5(a)(3).

*James A. Fussell, III*
James A. Fussell, III
