**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| HITACHI MAXELL, LTD., | |
| *Plaintiff,* | Case No. 5:16-cv-00178-RWS |
| v. | LEAD CASE |
| HUAWEI DEVICE USA INC. and HUAWEI DEVICE CO., LTD., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |
| | |
| HITACHI MAXELL, LTD., | |
| *Plaintiff,* | Case No. 5:16-cv-00179-RWS |
| v. | **JURY TRIAL DEMANDED** |
| ZTE CORPORATION and ZTE USA INC., | |
| *Defendants.* | |

## P.R. 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to P.R. 4-3 and the parties' agreed modification to proposed Docket Control Order (*see, e.g.*, Dkt. 41-1), Plaintiff Hitachi Maxell, Ltd. ("Plaintiff" or "Maxell") and Defendants Huawei Device USA Inc., Huawei Device Co., Ltd. (collectively "Huawei") and ZTE USA Inc. ("ZTE USA") (collectively, "Defendants") hereby serve this joint claim construction and prehearing statement.

The proposed claim terms listed below occur in U.S. Patent No. 5,396,443 ("the '443 Patent"), which is asserted against both Huawei and ZTE USA, and U.S. Patent Nos. 7,509,139 ("the '139 Patent"); 6,754,440 ("the '440 Patent"); 6,928,292 ("the '292 Patent"); 7,203,517

("the '517 Patent"); 7,671,901 ("the '901 Patent"); 6,856,760 ("the '760 Patent"); and 7,116,438

("the '438 Patent"), which are asserted against Huawei; and U.S. Patent Nos. 6,748,317 ("the

'317 Patent"); 8,339,493 ("the '493 Patent"); 8,736,729 ("the '729 Patent"); 6,408,193 ("the '193

Patent"); 6,329,794 ("the '794 Patent"); 6,816,491 ("the '491 Patent"); and 8,098,695 ("the '695

Patent"), which are asserted against ZTE USA.

## I.  STATEMENT BY NONMOVING PARTY REGARDING CLAIMS SUBJECT TO AN INDEFINITENESS CHALLENGE

Pursuant to the DCO (Dkt. No. 70), Maxell provides the following statement with respect

to the indefiniteness challenges:

- With respect to the claim term "a storage unit in which group information generated by classifying the plurality of base stations into groups" in claim 11 of the '139 Patent, Maxell may present testimony and opinion from one or more experts, including without limitation Dr. Michael Caloyannides, Dr. Branimir Vojcic, and/or Dr. Sayfe Kiaei addressing arguments presented by Huawei that the term is indefinite.  Maxell's expert(s) will testify that, in view of the disclosures in the specification, one of ordinary skill in the art would have been able to ascertain the scope this claim term with reasonable certainty.

- With respect to the claim term "waits a longer time" in claim 1 of the '517 Patent, (claim 11) Maxell may present testimony and opinion from one or more experts, including without limitation Dr. Michael Caloyannides, Dr. Branimir Vojcic, and/or Dr. Sayfe Kiaei addressing arguments presented by Huawei that the term is indefinite.  Maxell's expert(s) will testify that one of ordinary skill in the art would have been able to ascertain the scope of this claim term with reasonable certainty.

- With respect to the claim term "a controller which executes control so that the correction portion corrects the video signals in accordance with distribution of luminance or hue or saturation of the video signals and with the illumination detected by the illumination sensor when any change occurs in the video signal inputted to the input portion, wherein the controller corrects luminance of the video signal without correcting hue and saturation of the video signal when the change of the video signal does not occur and when the illumination detected by the illumination sensor is above a predetermined value" in claim 1 of the '901 Patent, Maxell may present testimony and opinion from one or more experts, including without limitation Dr. Shukri Souri and/or Dr. Vijay Madisetti addressing arguments presented by Huawei that the term is indefinite.  Maxell's expert(s) will testify that, in view of the disclosures in the specification, one of ordinary skill in the art would have been able to ascertain the scope this claim term with reasonable certainty. Further, if this term is found to be a means-plus-function term—which Maxell does not

2

concede, Maxell's expert(s) will testify that the specification provides adequate structure for this term.

## II.   HIGH PRIORITY TERMS WHOSE CONSTRUCTION WILL BE MOST SIGNIFICANT TO THE RESOLUTION OF THE CASE

**Maxell's Position:** Maxell believes the following terms will be the most significant to resolution of certain claims in the case to the extent they relate to Huawei's Motion to Dismiss (Dkt. No. 26): "calculating characterizing quantities" in claims 1 and 11 of the '139 Patent and the terms "GPS receiver means," "GPS reliability calculation means," "cellular reliability calculation means," "cellular reciver means," and "GPS/cellular positioning results combining means" in claim 1 of the '292 Patent include the most significant disputes and therefore are the most significant to the resolution of the case.

Maxell also believes the following terms will be significant to resolution of certain claims in the case: "a relation of said direction and a direction from said present place to said destination" and "walking navigation" in claims 1, 10, 15, 16, 17, and 20 of the '317 Patent, "an image-instability detector" in claim 1 of the '729 Patent, and "controller means" in claim 1 of the '491 Patent.

In addition, the Parties have agreed that the following terms should be interpreted as means-plus-function terms according to pre-AIA 35 U.S.C. § 112, ¶ 6, however, no party has identified these as high priority (that is, among the 32 disputed terms) but have not been able to agree upon the corresponding structures:

- "a control means for effecting control wherein, if said user-associated medium at least approaches said detecting means, a controlled object is set in a non-power saving state, and wherein, if said user associated medium is distant from said detecting means for at least a predetermined constant period of time, at least a part

3

of said controlled object is set in a power saving state" ('443 Patent, Claim 1);

- "reproducing means for reproducing, from a recording medium, at least moving pictures encoded by a first encoding method and first pictures having a smaller number of pixels than the moving pictures" ('440 Patent, Claims 5, 7);

- "first outputting means for outputting a plurality of reproduced ones of the first pictures" ('440 Patent, Claim 5);

- "second outputting means for outputting a moving picture corresponding to any selected first picture" ('440 Patent, Claim 5);

- "reproducing means for reproducing at least a first still picture, a second still picture and a picture from a recording medium, wherein said first still picture is encoded by a first encoding method, said second still picture is encoded by a second encoding method different from the first encoding method, and said picture corresponds to said first and second still pictures and has a smaller number of pixels than said first and second still pictures, and wherein said first still picture, said second still picture and said picture are related pictures derived from common signal data" ('760 Patent, Claims 10 and 13);

- "first outputting means for outputting a plurality of reproduced pictures from the reproducing operation"  ('760 Patent, Claim 10); and

- "second outputting means for outputting said first still picture corresponding to a selected picture" ('760 Patent, Claim 1).

**Huawei's Position**: Huawei believes that the following limitations are claim dispositive.

1. **'292 Patent:** "combining" / "combined" and "GPS/cellular positioning results combining means for combining the GPS-based position result and the cellular-based position result with the GPS positioning reliability and the cellular positioning reliability" (claims 1 and 2)

2. **'139 Patent:** "characterizing quantities of the communication quality" (claims 1 and 11)

3. '**139 Patent:** "a storage unit in which group information generated by classifying the plurality of base stations into groups" (claim 11)

4. **'443 Patent:** "detecting means. . ." (claim 1)

5. **'517 Patent**: "waits a longer time" (claim 1)

6. **'517 Patent**: "selection switching determination unit for selecting" (claim 1)

7. **'438 Patent**: "an input entered by a user" (claim 1)

8. **'440 Patent**: "still pictures encoded by a second encoding method, and second pictures corresponding to the still pictures and having a smaller number of pixels than the still pictures are recorded" (claims 1, 3, 5, 7)

9. **'760 Patent**:  "first encoding method" (claims 1, 3, 4, 6, 7, 9, 10, 12, 13, 15)

10. **'901 Patent**: "when any change occurs in the video signal inputted to the input portion" and "when the change of the video signal does not occur and when the illumination detected by the illumination sensor is above a predetermined value" (claim 1)

**III. THE CONSTRUCTION OF THOSE CLAIM TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES AGREE**

The Parties have agreed to the constructions as set forth in the following chart:

| No. | TERM | AGREED CONSTRUCTION |
|-----|------|---------------------|
| 1 | "at least approaches" <br><br> ('443 Patent, Claim 1) | Plain and ordinary meaning |
| 2 | "simultaneously" <br><br> ('292 Patent, Claims 1 and 2) | Plain and ordinary meaning |
| 3 | "A mobile communication terminal device having a first physical interface for making a communication to the outside, a second physical interface different in scheme from said first physical interface, and a selection switching determination unit . . . , said mobile communication terminal device comprising" / "A mobile communication terminal device having a first physical interface for making a communication to the outside, a second physical interface different in scheme from said first physical interface, and a selection switching determination unit . . . , said mobile communication terminal device comprising" <br><br> ('517 Patent, Claims 1 and 9) | The preambles of claims 1 and 9 of the '517 patent are limiting. |
| 4 | "A connection control method for selecting one base station, to which a terminal is to connect, from a plurality of base stations in a wireless communication system" / "A wireless terminal for selecting a connection destination base station from a plurality of base stations in a wireless communication system" <br><br> ('139 Patent, Claims 1 and 11) | The preambles of claims 1 and 11 of the '139 patent are limiting. |

| No. | Term | Agreed Construction |
|-----|------|---------------------|
| 5 | Preambles<br><br>('491 Patent, Claims 1 and 2) | The preambles of claims 1 and 2 are limiting. |
| 6 | "voice signal code"<br><br>('193 Patent, Claims 1 and 7) | Plain and ordinary meaning |
| 7 | "an input portion to which video signals are inputted"<br><br>('901 Patent, Claim 1) | Plain and ordinary meaning |
| 8 | "black side"<br><br>('901 Patent, Claim 2) | Plain and ordinary meaning |
| 9 | "video signal[s]"<br><br>('901 Patent, Claims 1 and 2) | Plain and ordinary meaning |
| 10 | "obtaining an index of communication quality between the terminal and the base stations"<br><br>('139 Patent, Claims 1 and 11) | "obtaining an indication of communication quality between the terminal and the base stations" |
| 11 | "using said input"<br><br>('438 Patent, Claim 1) | Plain and ordinary meaning |
| 12 | "an authentication process for allowance to use said display apparatus"<br><br>('438 Patent, Claim 1) | "a process that authorizes the user to use the display apparatus" |
| 13 | "a predetermined constant period of time"<br><br>('443 Patent, Claim 1) | Plain and ordinary meaning |

| No. | Term | Agreed Construction |
|-----|------|---------------------|
| 14 | "means for selecting an object displayed on said display apparatus"<br><br>('438 Patent, Claim 3) | **Function:** selecting an object displayed on said display apparatus<br><br>**Structure:** Input/output unit 103 and associated software that allows for the claimed selection function. *See, e.g.*, 8:57-9:13, 7:52-8:6, Fig. 2 (106). |
| 15 | "operate to the end"<br><br>('794 Patent, Claims 8 and 14) | Plain and ordinary meaning |
| 16 | "a receiving means for receiving a plurality of compressed and encoded audio data sequences which are multiplexed"<br><br>('491 Patent, Claim 9) | **Function:** receiving a plurality of compressed and encoded audio data sequences which are multiplexed<br><br>**Structure:** An antenna and equivalents |
| 17 | Preambles<br><br>('491 Patent, Claims 7-9) | The preambles of claims 7-9 are not limiting. |
| 18 | "packetizing audio data sequences which are compressed and encoded and by multiplexing a plurality of those sequences"<br><br>('491 Patent, Claims 1 and 2) | "digitized audio data in packet form for transmission is compressed and encoded and by combining a plurality of the data" |
| 19 | "a demultiplexer for extracting the one audio data sequence which is designated by the user from said group of packets depending upon a property or attribute information which each packet has, and further for extracting a method of compression and encoding which is applied for compressing the audio data sequence from a header information which said each audio data sequence has"<br><br>('491 Patent, Claims 1, 2, and 9) | Plain and ordinary meaning |
| 20 | "a first memory"<br><br>('491 Patent, Claims 1, 2, and 7) | Plain and ordinary meaning |

| No. | Term | Agreed Construction |
|---|---|---|
| 21 | "a digital signal processor for decoding the compressed audio data sequences in accordance with said decoding program codes, sequentially"<br><br>('491 Patent, Claims 1, 2, and 9) | Plain and ordinary meaning |
| 22 | "a second memory which said digital signal processor and said video decoder use as work area for the decoding processing thereof"<br><br>('491 Patent, Claim 2) | Plain and ordinary meaning |
| 23 | "from an outside"<br><br>('491 Patent, Claim 7) | Plain and ordinary meaning |
| 24 | "an input device for inputting a destination"<br><br>('317 Patent, Claim 1) | Plain and ordinary meaning |
| 25 | "a device for getting a location information of another portable terminal from said another terminal via connected network"<br><br>('317 Patent, Claim 10) | Plain and ordinary meaning |
| 26 | "a device for retrieving a route from said present place to said destination"<br><br>('317 Patent, Claim 15) | Plain and ordinary meaning |
| 27 | "an image sensing device with a light receiving sensor having an array of pixels arranged vertically and horizontally in a grid pattern, in an N number of vertically arranged pixel lines"<br><br>('493 Patent, Claim 5) | Plain and ordinary meaning |

| No. | Term | Agreed Construction |
|-----|------|---------------------|
| 28 | "a display unit with a display screen, that displays an image corresponding to the image signals" <br><br> ('493 Patent, Claim 5) | Plain and ordinary meaning |
| 29 | "an image-instability detector" <br><br> ('493 Patent, Claim 6) | Plain and ordinary meaning |
| 30 | "an image-instability of the electric camera" <br><br> ('493 Patent, Claim 6) | Plain and ordinary meaning |
| 31 | "an encoder/decoder apparatus" <br><br> ('193 Patent, Claims 1 and 7) | Plain and ordinary meaning |
| 32 | "open-loop power control" <br><br> ('193 Patent, Claims 1 and 7) | Plain and ordinary meaning |
| 33 | "closed-loop power control" <br><br> ('193 Patent, Claims 1 and 7) | Plain and ordinary meaning |
| 34 | "bias condition" <br><br> ('193 Patent, Claims 1 and 7) | "the bias voltage and/or current setting of the amplifier" |
| 35 | "a function defining a relation between bias data and gain data stored in said memory" <br><br> ('193 Patent, Claim 7) | "a relationship between bias data and gain data such that each gain data value has a corresponding bias data value" |
| 36 | "capacity detector for detecting a remaining capacity of said battery" <br><br> ('794 Patent, Claim 1) | Plain and ordinary meaning |

| No. | Term | Agreed Construction |
|---|---|---|
| 37 | "controller for controlling operation of said function devices based on said remaining capacity"<br><br>('794 Patent, Claim 1) | Plain and ordinary meaning |
| 38 | "a capacity detector detecting a remaining battery capacity of said battery"<br><br>('794 Patent, Claim 9) | Plain and ordinary meaning |
| 39 | Preambles<br><br>('695 Patent, all asserted claims) | Preambles are limiting |
| 40 | "packetized audio data sequences which are compressed and encoded and by multiplexing a plurality of those sequences"<br><br>('695 Patent, Claims 1 and 4) | "digitized audio data in packet form is compressed and encoded and by combining a plurality of the data" |
| 41 | "a demultiplexer for extracting the one audio data sequence which is designated by the user from said group of packets depending upon a property or attribute information of each packet, and further for extracting a method of compression and encoding which is applied for compressing the audio data sequence from a header information of each audio data sequence"<br><br>('695 Patent, Claims 1 and 4) | Plain and ordinary meaning |
| 42 | "a memory"<br><br>('695 Patent, Claims 1 and 4) | Plain and ordinary meaning |
| 43 | "begins decoding processing"<br><br>('695 Patent, Claims 1 and 4) | Plain and ordinary meaning |

| No. | Term | Agreed Construction |
|-----|------|---------------------|
| 44 | "a state display means including a display means and for displaying on said display means that said apparatus is in one of a standby state and an active state in response to said power saving state and said non-power saving state, respectively"<br><br>('443 Patent, Claim 2) | **Function:** displaying on said display means that said apparatus is in one of a standby state and an active state in response to said power saving state and said non-power saving state, respectively.<br><br>**Structure:**  State display unit 103 including a display device such as a liquid crystal display (LCD), a flat display panel, a light emitting diode (LED) panel, an electroluminescence (EL) panel, a plasma display panel, a cathode ray tube (CRT), and equivalents, together with a processor (e.g. CPU 501) programmed to display state information on the display device in accordance with the procedures set forth e.g. in the specification at 4:6-9; 4:49-55; 5:30-37; 7:7-60; 8:64-68; Figs 2-4 and 11-13 as well as equivalents thereof |
| 45 | "displaying means for displaying at least one of the moving pictures, the still pictures, and the first and second pictures; wherein the displaying means displays a plurality of reproduced ones of the first pictures, and wherein the displaying means displays ones of the moving pictures corresponding to any selected first pictures"<br><br>('440 Patent, Claim 7) | **Function:** displaying at least one of the moving pictures, the still pictures, and the first and second pictures<br><br>**Structure:** display medium 130, such as a liquid crystal panel. *See, e.g.,* Fig. 6 (130); 13:45-47; 13:49-51; 13:54-57; 13:62-63. |
| 46 | "displaying means for displaying at least one of said first still picture, said second still picture and said first picture, wherein said displaying means displays a plurality of reproduced pictures from the reproducing means, and wherein said displaying means displays said first still picture corresponding to a selected picture"<br><br>('760 Patent, Claim 13) | **Function:** displaying at least one of said first still picture, said second still picture and said first picture such that the displaying means displays a plurality of reproduced pictures from the reproducing means, and wherein said displaying means displays said first still picture corresponding to a selected picture<br><br>**Structure:** display medium 130, such as a liquid crystal panel. *See, e.g.,* Figure 6 (130); 13:43-46; 13:47-49; 13:52-55; 13:60-61. |

**IV.   EACH PARTY'S PROPOSED CONSTRUCTION OF EACH DISPUTED CLAIM TERM, PHRASE, OR CLAUSE, TOGETHER WITH AN IDENTIFICATION OF ALL REFERENCES FROM THE SPECIFICATION OR PROSECUTION HISTORY THAT SUPPORT THAT CONSTRUCTION, AND AN IDENTIFICATION OF ANY EXTRINSIC EVIDENCE KNOWN TO THE PARTY ON WHICH IT INTENDS TO RELY EITHER TO SUPPORT ITS PROPOSED CONSTRUCTION OF THE CLAIM OR TO OPPOSE ANY OTHER PARTY'S PROPOSED CONSTRUCTION OF THE CLAIM, INCLUDING, BUT NOT LIMITED TO, AS PERMITTED BY LAW, DICTIONARY DEFINITIONS, CITATIONS TO LEARNED TREATISES AND PRIOR ART, AND TESTIMONY OF PERCIPIENT AND EXPERT WITNESSES**

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| 1 | "a detecting means for detecting whether a user associated medium at least approaches at least part of a housing of said apparatus"<br><br>('443 Patent, Claim 1) | Plaintiff's Construction<br><br>**Function**: detecting whether a user associated medium at least approaches at least part of a housing of said apparatus<br><br>**Structure**: A sensor, a touch-sensitive surface, or  a tablet configured to detect proximity and/or contact using one or more of an electromagnetic induction system , a capacitance system , a capacitive coupling system, a pressure-sensitive resistance system, a transmission pen type ultrasonic system, a surface acoustic wave type ultrasonic system, an optical system, an image sensor, a camera, a microphone, or a temperature sensor, as well as equivalents thereof<br><br><br>Defendants' Construction<br><br>This term is written as a means-plus-function<br><br>**Function**: for detecting whether a user-associated medium at least approaches at least a part of a housing of said apparatus<br><br>**Structure**: Electromagnetic induction systems, electrostatic coupling system, and Optical system, listed in Table 1; "microphone" (18:8); "temperature sensor" (19:12); "cameras" (Figs. 14 and 15) | Plaintiff's Evidence<br><br>'443 patent at 4:2-6, 4:19-23, 9:9-17 (and Table 1), 11:25-51; FIG. 1; cls. 11, 13-19, 25-29<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '443 patent, in view of the claim language, the drawings, the written description, and the specification of the '443 patent as a whole, the file history of the '443 patent, and prior constructions resulting from previous or concurrent litigation of the '443 patent. |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      | <u>Defendants' Evidence</u><br><br>'443 Patent at 4:2-6, 4:44-55, 7:16-18, Table 1, 10:7-11:51, Figures 1-4, 14, 15<br><br><u>File History</u><br><br>5/6/1994 Office Action at 2<br><br>8/8/1994 Response to Office Action at 2, 7<br><br>Expert testimony of Jean Renard Ward.<br><br>The Oxford English Dictionary, ("at least")<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Jean Renard Ward, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 2 | "still pictures encoded by a second encoding method, and second pictures corresponding to the still pictures and having a smaller number of pixels than the still pictures are recorded" ('440 Patent, Claims 1, 3, 5, 7) | <u>Plaintiff's Construction</u> Plain and ordinary meaning <u>Defendants' Construction</u> "still pictures encoded by the first encoding method and by a second encoding method, and second pictures corresponding to the still pictures and having a smaller number of pixels than the still pictures are recorded" | <u>Plaintiff's Evidence</u> '440 Patent at Figs. 1-6; 1:18-2:18; 2:20-5:33; 5:58-7:37; 7:48-8:32; 8:34-10:14; 10:41-11:22; 11:31-13:2; 13:4-14:45. In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '440 patent, in view of the claim language, the drawings, the written description, and the specification of the '440 patent as a whole, the file history of the '440 patent, and prior constructions resulting from previous or concurrent litigation of the '440 patent. <u>Defendants' Evidence</u> '440 Patent at Figs. 1-6; 1:18-2:18; 2:20-5:33; 5:58-7:37; 7:48-8:32; 8:34-10:14; 10:41-11:22; 11:31-13:2; 13:4- |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | 14:45. |
| | | | 7,295,767 File History, 1/18/2007 Applicant Response at 11-14. |
| | | | 7,457,529 File History, 12/22/2006 Applicant Response at 7-11. |
| | | | 7,457,529 File History, 9/26/2007 Applicant Response at 12-17. |
| | | | 8,417,088 File History, 9/14/2012 Applicant Response at 4-6. |
| | | | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Stevenson, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 3 | "GPS receiver means for receiving GPS-oriented | Plaintiff's Construction | Plaintiff's Evidence |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | signals and generating received GPS signals" <br><br> ('292 Patent, Claim 1) | **Function:** receiving GPS-oriented signals and generating received GPS signals <br><br> **Structure:** A GPS receiver 200 and/or components within a mobile handset that receive GPS signals, such as, an antenna and a transceiver or a processor that performs GPS receiving processes as described in Fig. 2 (block 600) and corresponding recitations in the specification as provided below or equivalents thereof. *See e.g.,* (2:64-65; block 600 in Fig. 2), (3:24-32), (4:65-5:2), (2:53-57), (5:3-7). <br><br><br> Defendants' Construction <br><br> **Function:** (1) receiving GPS oriented signals and (2) generating received GPS signals <br><br> **Structure:** GPS receiver 200, Block 600 in Figure 2 | '292 Patent at 2:64-65; block 600 in Fig. 2, 3:24-32, 4:65-5:2, 2:53-57, and 5:3-7.. <br><br> Parties briefs with respect to the motion to dismiss <br><br> In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. <br><br><br> Defendants' Evidence <br><br> *See, e.g.,* Dkt. 29 at 4-5; 9; 17-18; 21-22; 26. <br><br> *See, e.g.,* Dkt. 29-1 at 3-7 <br><br> *See, e.g.,* Dkt. 33 at 1; 2-8 <br><br> In addition to the extrinsic evidence identified herein, Huawei may offer a |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 4 | "GPS position calculation means for calculating the mobile handset's position from the received GPS signals and outputting a GPS-based position result" ('292 Patent, Claim 1) | Plaintiff's Construction  **Function:** calculating the mobile handset's position from the received GPS signals and outputting a GPS-based position result  **Structure:** At least one processor, for example, position calculation unit 201 and/or a mobile handset that perform processing functions or equivalents thereof. *See e.g.*, (2:64-65; block 601 in Fig. 2), (3:24-38), (2:53-60), (5:3-7).  Defendants' Construction  **Function:** (1) calculating the mobile handset's position from the received GPS signals and (2) outputting a GPS-based position result. | Plaintiff's Evidence  '292 Patent at 2:64-65; block 601 in Fig. 2, 3:24-38, 2:53-60, 5:3-7.  Parties briefs with respect to the motion to dismiss  In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | **Structure:** position calculation unit for GPS 201, Block 601 in Fig. 2 | understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>*See, e.g.*, Dkt. 29 at 4-5; 9-10; 17-18, 21-27<br><br>*See, e.g.*, Dkt. 29-1 at 3-7<br><br>*See, e.g.*, Dkt. 33 at 1; 2-8<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 5 | "GPS reliability calculation means for calculating GPS positioning reliability based on the GPS-based position result" ('292 Patent, Claim 1) | Plaintiff's Construction<br><br>**Function:** calculating GPS positioning reliability based on the GPS-based position result<br><br>**Structure:** A GPS reliability calculation unit 204 and/or components within a mobile handset that perform processing functions, such as, a CPU programmed to execute processing in accordance with the algorithm set forth in the specification, a processor that performs GPS reliability calculation processes described in Fig. 2 (block 602) and corresponding recitations in the specification as provided herein, or equivalents thereof. *See e.g.*, (2:60-65; block 602 in Fig. 2), (3:38-4:3), (5:3-7).<br><br><br>Defendants' Construction<br><br>**Function:** calculating GPS positioning reliability based on the GPS-based position result<br><br>**Structure:** GPS reliability calculation unit 204, which is insufficient structure because the specification does not disclose the necessary algorithm or flowchart, which renders the term indefinite | Plaintiff's Evidence<br><br>'292 Patent at 2:60-65; block 602 in Fig. 2, 3:38-4:3, 5:3-7.<br><br>Parties briefs with respect to the motion to dismiss<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br><br>Defendants' Evidence<br><br>*See, e.g.*, Dkt. 29 at 1; 4-5; 9-10; 17- |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      | 27 |
|     |      |                      | *See, e.g.*, Dkt. 29-1 at 3-7 |
|     |      |                      | *See, e.g.*, Dkt. 33 at 1; 2-8 |
|     |      |                      | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
|     |      |                      | These experts may also provide opinion via declaration as to why a person of ordinary skill in the art would not understand the structure identified by Hitachi for this means-plus-function term to be sufficient disclosure of supporting structure in the claims and specification. In |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | addition, experts for Huawei may provide opinion via a declaration as to why a person of ordinary skill in the art would not find a disclosure in the claims or specification of any algorithm, source code, or flowchart to perform the function of this means-plus-function term. |
| 6 | "cellular receiver means for receiving cellular-oriented signals and generating received cellular signals" (′292 Patent, Claim 1) | <u>Plaintiff's Construction</u><br><br>**Function:** receiving cellular-oriented signals and generating received cellular signals<br><br>**Structure:** A cellular receiver 300 and/or components within a mobile handset that receive and generate  cellular signals, such as, an antenna, a transceiver, a processor that performs cellular receiving processes as described in Fig. 2 (block 603) and corresponding recitations in the specification provided herein, or equivalents thereof.  *See e.g.*, (2:66-3:4), (3:10-11; see block 603 in Fig. 2), (4:4-9), (2:53-57), (5:3-7).<br><br><u>Defendants' Construction</u><br><br>**Function:** (1) receiving cellular-oriented signals and (2) generating received cellular signals<br><br>**Structure:** cellular receiver 300, Block 603 in Fig. 2 | <u>Plaintiff's Evidence</u><br><br>′292 Patent at 1:24-38, 2:66-3:4, 3:10-11; see block 603 in Fig. 2, 4:4-9, 2:53-57, 5:3-7.<br><br>Parties briefs with respect to the motion to dismiss<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | Defendants' Evidence<br><br>*See, e.g.*, Dkt. 29 at 4-5; 9; 17-18; 21-22; 26.<br><br>*See, e.g.*, Dkt. 29-1 at 3-7<br><br>*See, e.g.*, Dkt. 33 at 1; 2-8<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 7 | "cellular position calculation means for calculating the mobile handset's position from the | Plaintiff's Construction<br><br>**Function:** calculating the mobile handset's position from the received cellular signals and outputting a cellular-based position | Plaintiff's Evidence<br><br>'292 Patent at 1:23-27, (3:10-11; block 604 in Fig. 2, 4:4-16, 2:66-3:6, |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | received cellular signals and outputting a cellular-based position result" <br><br> ('292 Patent, Claim 1) | result <br><br> **Structure:** A position calculation unit 301 and/or components within a mobile handset that perform processing functions, such as, a CPU programmed to execute processing in accordance with the algorithm set forth in the specification, or a processor that performs cellular position calculation processes as described in Fig. 2 (block 604) and corresponding recitations in the specification as provided herein, or equivalents thereof.  *See e.g.*,  (1:23-27), (3:10-11; block 604 in Fig. 2),  (4:4-16), (2:66-3:6), (5:3-7). <br><br> Defendants' Construction <br><br> **Function:** (1) calculating the mobile handset's position from the received cellular signals and (2) outputting a cellular based position result. <br><br> **Structure:**  position calculation unit for cellular 301, which is insufficient structure because the specification does not disclose the necessary algorithm or flowchart, which renders the term indefinite | 5:3-7. <br><br> Parties briefs with respect to the motion to dismiss <br><br> In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. <br><br> Defendants' Evidence <br><br> *See, e.g.*, Dkt. 29 at 4-5;  9-10; 17-18, 21-27 <br><br> *See, e.g.*, Dkt. 29-1 at 3-7 <br><br> *See, e.g.*, Dkt. 33 at 1; 2-8 <br><br> In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      | Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. <br><br> These experts may also provide opinion via declaration as to why a person of ordinary skill in the art would not understand the structure identified by Hitachi for this means-plus-function term to be sufficient disclosure of supporting structure in the claims and specification. In addition, experts for Huawei may provide opinion via a declaration as to why a person of ordinary skill in the art would not find a disclosure in the claims or specification of any algorithm, source code, or flowchart to perform the function of this means-plus-function term. |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| 8 | "cellular reliability calculation means for calculating cellular positioning reliability based on the cellular-based position result" ('292 Patent, Claim 1) | **Plaintiff's Construction**<br><br>**Function:** calculating cellular positioning reliability based on the cellular-based position result<br><br>**Structure:** A cellular reliability calculation unit 304 and/or components within a mobile handset that perform processing functions, such as, a CPU programmed to execute processing in accordance with the algorithm set forth in the specification, , a processor that performs cellular reliability calculation processes as described in Fig. 2 (block 605) and corresponding recitations in the specification as provided herein, or equivalents thereof. *See e.g.*, (3:10-11; block 605 in Fig. 2), (4:15-42), (3:6-11), (5:3-7).<br><br>**Defendants' Construction**<br><br>**Function:** calculating cellular positioning reliability based on the cellular-based position result<br><br>**Structure:** cellular reliability calculation unit 304, which is insufficient structure because the specification does not disclose the necessary algorithm or flowchart, which renders the term indefinite | **Plaintiff's Evidence**<br><br>'292 Patent at 3:10-11; block 605 in Fig. 2, 4:15-42, 3:6-11, 5:3-7.<br><br>Parties briefs with respect to the motion to dismiss<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>**Defendants' Evidence**<br><br>*See, e.g.*, Dkt. 29 at  1; 4-5; 9-10; 17-27<br><br>*See, e.g.*, Dkt. 29-1 at 3-7<br><br>*See, e.g.*, Dkt. 33 at 1; 2-8<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| | | | These experts may also provide opinion via declaration as to why a person of ordinary skill in the art would not understand the structure identified by Hitachi for this means-plus-function term to be sufficient disclosure of supporting structure in the claims and specification. In addition, experts for Huawei may provide opinion via a declaration as to why a person of ordinary skill in the art would not find a disclosure in the claims or specification of any algorithm, source code, or flowchart to perform the function of this means- |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | plus-function term. |
| 9 | "GPS/cellular positioning results combining means for combining the GPS-based position result and the cellular-based position result with the GPS positioning reliability and the cellular positioning reliability" ('292 Patent, Claim 1) | Plaintiff's Construction<br><br>**Function:** combining the GPS-based position result and the cellular-based position result with the GPS positioning reliability and the cellular positioning reliability<br><br>**Structure:** GPS/cellular positioning results combining unit 400 and/or components within a mobile handset that perform processing functions, such as, a CPU programmed to execute processing in accordance with the algorithm set forth in the specification, a processor that combines GPS/cellular position as described in Fig. 2 (block 605) and corresponding recitations in the specification as provided herein, or equivalents thereof. *See e.g.*, (4:42-56), (Fig. 3 at 400), (3:12-17), (5:3-7).<br><br>Defendants' Construction<br><br>**Function: <u>combining</u>** the GPS based position result and the cellular-based position result with the GPS positioning reliability and the cellular positioning reliability<br><br>**Structure:** GPS / Cellular Positioning Results Combining Unit **400** performing the weighted mean disclosed in Figure 3 and at col. 4:49-56, block 606 in Fig 2 | Plaintiff's Evidence<br><br>'292 Patent at 4:35-56, Fig. 3 at 400, 3:12-17, 5:3-7.<br><br>Parties briefs with respect to the motion to dismiss<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br><br>Defendants' Evidence<br><br>'292 Patent at 4:43-48; 4:49-56<br><br>*See, e.g.*, Dkt. 29 at 1; 4-5; 9-10; 16-27<br><br>*See, e.g.*, Dkt. 29-1 at 3-7 |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      | *See, e.g.*, Dkt. 33 at 1; 2-8 <br><br> In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. <br><br> These experts may also provide opinion via declaration as to why a person of ordinary skill in the art would not understand the structure identified by Hitachi for this means-plus-function term to be sufficient disclosure of supporting structure in the claims and specification. In addition, experts for Huawei may provide opinion via a declaration as to why a person of ordinary skill in the |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | art would not find a disclosure in the claims or specification of any algorithm, source code, or flowchart to perform the function of this means-plus-function term. |
| 10 | "combining" / "combined" ('292 Patent, Claims 1 and 2) | Plaintiff's Construction  "a determination based on one or more inputs"  Defendants' Construction  "merging"/ "merged" | Plaintiff's Evidence  '292 Patent at 4:35-5:12, Fig. 3 at 400, 3:12-17, 5:3-7.  Parties briefs with respect to the motion to dismiss  In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '292 patent, in view of the claim language, the drawings, the written description, and the specification of the '292 patent as a whole, the file history of the '292 patent, and prior constructions resulting from previous or concurrent litigation of the '292 patent.  Defendants' Evidence |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | '292 Patent at Fig. 3; 4:43-48; 4:49-56 |
| | | | *See, e.g.*, Dkt. 29 at 1; 4-5; 9-10; 16-27 |
| | | | *See, e.g.*, Dkt. 29-1 at 3-7 |
| | | | *See, e.g.*, Dkt. 33 at 1; 2-8 |
| | | | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| | | | The American Heritage Dictionary of the English Language 377 (Houghton Mifflin Co. 3d. ed. 1996) ("**combining** … 1. The act or process of joining, merging, or mixing two or |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | more things.") ("**combine** … 1. To bring into a state of unity; merge.") |
| 11 | "selection switching determination unit for selecting one from said first and second physical interfaces to switch to a selected physical interface" ('517 Patent, Claim 1) "wherein said selection switching determination unit makes a selection switching based on the communication availability determined by said communication determination unit, the moving speed determined by said movement determination unit, and the position detected by said position detection unit" ('517 Patent, Claim 1) "wherein said selection switching determination unit waits a longer time until switching of said physical interface when | Plaintiff's Construction Not means-plus-function terms; plain and ordinary meaning Defendants' Construction **Function:** selecting one from said first and second physical interfaces to switch to a selected physical interface, wherein said selection switching determination unit makes a selection switching based on the communication availability determined by said communication determination unit, the moving speed determined by said movement determination unit, and the position detected by said position detection unit and wherein said selection switching determination unit **waits a longer time** until switching of said physical interface when said movement determination unit determines the moving speed being faster **Structure:** Switching determination unit 108 and the algorithms in FIGs. 4, 6, and 9, which is insufficient structure because the specification does not disclose the necessary algorithm or flowchart, which renders the term indefinite. | Plaintiff's Evidence '517 Patent at Figures 4, 6, and 9; 3:33-39, 5:25-50,  5:65-6:44, 7:32-67, 8:52-9:5, 9:28-10:9, and 3:5-10. In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '517 patent, in view of the claim language, the drawings, the written description, and the specification of the '517 patent as a whole, the file history of the '517 patent, and prior constructions resulting from previous or concurrent litigation of the '517 patent. Defendants' Evidence '517 Patent at 3:53–61; 4:35–50; 4:51–5:14; 5:15-5:64; 5:65–7:8; 7:32-67; 8:58-62; 9:19-26; 9:27-10:9 In addition to the extrinsic evidence |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | said movement determination unit determines the movement speed being faster"<br><br>('517 Patent, Claim 1) | | identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed.<br><br>These experts may also provide opinion via declaration as to why a person of ordinary skill in the art would not understand the structure identified by Hitachi for this mean-plus-function term to be sufficient disclosure of supporting structure in the claims and specification. In addition, experts for Huawei may provide opinion via a declaration as to why a person of ordinary skill in the art would not find a disclosure in the claims or specification of any algorithm, source code, or flowchart |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | to perform the function of this means-plus-function term. |
| 12 | "waits a longer time until switching" ('517 Patent, Claim 1) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br><br>Defendants' Construction<br><br>sets a longer period of time to wait before determining whether to switch | Plaintiff's Evidence<br><br>'517 Patent at 2:3-16, and 6:62-7:8.<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '517 patent, in view of the claim language, the drawings, the written description, and the specification of the '517 patent as a whole, the file history of the '517 patent, and prior constructions resulting from previous or concurrent litigation of the '517 patent.<br><br><br>Defendants' Evidence<br><br>'517 Patent at 6:62–7:8<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Jonathan Wells and Dr. Robert Akl, |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 13 | "when any change occurs in the video signal inputted to the input portion"<br><br>"when the change of the video signal does not occur and when the illumination detected by the illumination sensor is above a predetermined value"<br><br>('901 Patent, Claim 1) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>"in response to any change occurring in the video signal inputted to the input portion"<br><br>"in response to the change of the video signal not occurring and the illumination detected by the illumination sensor being above a predetermined value" | Plaintiff's Evidence<br><br>'901 Patent at Figs. 1, 2, 4-6, 11, 12, 13, 14A, 14B, 19, 22, 23A, 23B; 1:46-67; 2:65-4:29; 4:30-5:32; 5:60-6:55; 7:51-8:65; 8:66-9:53; 11:46-11:59; 12:20-49<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|  |  |  | the claims of the '901 patent, in view of the claim language, the drawings, the written description, and the specification of the '901 patent as a whole, the file history of the '901 patent, and prior constructions resulting from previous or concurrent litigation of the '901 patent. |
|  |  |  | Defendants' Evidence |
|  |  |  | '901 Patents at Figs. 1, 2, 4-6, 11, 12, 13, 14A, 14B, 19, 22, 23A, 23B; 1:46-67; 2:65-4:29; 4:30-5:32; 5:60-6:55; 7:51-8:65; 8:66-9:53; 11:13-11:59; 12:20-49. |
|  |  |  | Merriam-Webster's Collegiate Dictionary (1995) ("**when** . . . in the event that"). |
|  |  |  | Random House Webster's College Dictionary (1997) ("**when** . . . at the time or in the event that"). |
|  |  |  | Ninth New Collegiate Dictionary (1990) ("**when** . . . in the event that"). |
|  |  |  | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Stevenson, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 14 | "characterizing quantities of the communication quality for each of the groups" ('139 Patent, Claims 1 and 11) | Plaintiff's Construction "characteristics of the communication quality for each of the groups" Defendants' Construction "group scores derived from the indication of communication quality for each base station in a group" | Plaintiff's Evidence '139 Patent at Figs. 3A-3C, 4, 2:42-50, 2:51-64, 4:35-44, 4:58-5:12, 5:13-27, 6:1-11, 6:12-28, 6:33-40, 7:30-36, 9:64-10:8, 11:17-20. In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '139 patent, in view of the claim language, the drawings, the written description, and the specification of the '139 patent as a whole, the file history of the '139 |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      | patent, and prior constructions resulting from previous or concurrent litigation of the '139 patent. |
|     |      |                      | Defendants' Evidence |
|     |      |                      | '139 Patent at Figs. 3A-3C, 4, 2:42-50, 2:60-64, 4:35-44, 4:58-5:12, 5:13-27, 6:3-11, 6:12-28, 6:33-40, 7:30-36 |
|     |      |                      | *See, e.g.*, Dkt. 29 at 1-3; 5-7; 27-30 |
|     |      |                      | *See, e.g.*, Dkt. 29-2 at 5-10 |
|     |      |                      | *See, e.g.*, Dkt. 33 at 8-10 |
|     |      |                      | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | filed. |
| 15 | "a storage unit in which group information generated by classifying the plurality of base stations into groups" ('139 Patent, Claim 11) | Plaintiff's Construction<br><br>Not indefinite; plain and ordinary meaning<br><br>Defendants' Construction<br><br>Indefinite because the claim term does not inform those skilled in the art about the claim's scope with reasonable certainty | Plaintiff's Evidence<br><br>'139 Patent at Fig. 5, 4:35-44, 5:60-6:11<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '139 patent, in view of the claim language, the drawings, the written description, and the specification of the '139 patent as a whole, the file history of the '139 patent, and prior constructions resulting from previous or concurrent litigation of the '139 patent.<br><br>Defendants' Evidence<br><br>'139 Patent at Fig. 5, 4:35-44, 5:60-6:11<br><br>*See, e.g.*, Dkt. 29 at 1-3; 5-7; 27-30<br><br>*See, e.g.*, Dkt. 29-2 at 5-10<br><br>*See, e.g.*, Dkt. 33 at 8-10 |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Akl and Dr. Jonathan Wells, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include an explanation as to why this claim term fails to inform those skilled in the art about the scope of the invention with reasonable certainty when read in light of the specification delineating the patent, and the prosecution history. |
| 16 | "first encoding method" (’760 Patent, Claims 1, 3, 4, 6, 7, 9, 10, 12, 13, and 15) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>"moving picture encoding method" | Plaintiff's Evidence<br><br>’760 Patent, 1:26-2:10; 2:19-5:32; 5:57-7:34; 7:45-8:29; 8:31-10:10; 10:38-11:19; 11:28-12:67; 13:2-14:41.<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | the claims of the '760 patent, in view of the claim language, the drawings, the written description, and the specification of the '760 patent as a whole, the file history of the '760 patent, and prior constructions resulting from previous or concurrent litigation of the '760 patent.<br><br>Defendants' Evidence<br><br>'760 Patent at Abstract; Figs. 1-6; 1:17-2:16; 2:19-5:32; 5:57-7:34; 7:45-8:29; 8:31-10:10; 10:38-11:19; 11:28-12:67; 13:2-14:41.<br><br>7,295,767 File History, 1/18/2007 Applicant Response at 11-14.<br><br>7,457,529 File History, 12/22/2006 Applicant Response at 7-11.<br><br>7,457,529 File History, 9/26/2007 Applicant Response at 12-17.<br><br>8,417,088 File History, 9/14/2012 Applicant Response at 4-6.<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Robert Stevenson, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 17 | "an input entered by a user" <br><br> ('438 Patent, Claim 1) | Plaintiff's Construction <br><br> Plain and ordinary meaning <br><br><br> Defendants' Construction <br><br> "data entered by a user, such as a user ID and password, that validates the user" | Plaintiff's Evidence <br><br> '438 Patent at 3:54-4:14; 4:22-26; 7:52-8:35; 9:1-27. <br><br> In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the '438 patent, in view of the claim language, the drawings, the written description, and the specification of the '438 patent as a whole, the file history of the '438 patent, and prior constructions resulting from previous or concurrent |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | litigation of the '438 patent. |
| | | | <u>Defendant's Evidence</u><br><br>'438 Patent at 3:59-67; 4:22-26; 7:52-8:6; 9:4-6.<br><br>U.S. Patent No. 7,375,615 at 1:21–36.<br><br>In addition to the extrinsic evidence identified herein, Huawei may offer a declaration from one or more experts, including without limitation Dr. Kevin Almeroth, in support of constructions proposed by Huawei, including but not limited to this term, or to address constructions or arguments that Plaintiff presents. This testimony may include, at least, an explanation of the meaning of this term in the context of the subject matter disclosed in the asserted patents, a description of the state of the technology relating to the alleged inventions claimed in the asserted patents, and how a person of ordinary skill in the art would interpret the term at the time the application for the asserted patent was filed. |
| 18 | "controller means for detecting change in said method of compression and encoding, and for transferring the decoding | <u>Plaintiff's Construction</u><br><br>**Function:** detecting change in said method of compression and encoding, and for transferring the decoding program code corresponding to the method of the compression and encoding after | <u>Plaintiff's Evidence</u><br><br>'491 Patent at 5:60-64, 6:30-7:54, 9:13-18, 9:28-44; FIGS. 1, 4-6, 9<br><br>IBM Dictionary of Computing (1994 |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | program code corresponding to the method of the compression and encoding after being changed, from said read-only memory to said first memory"<br><br>('491 Patent, Claim 1) | being changed, from said read-only memory to said first memory<br><br>**Structure:** At least one processor – such as a CPU –programmed to execute processing in accordance with the algorithm set forth in flowcharts of Fig. 4 (including steps S3, S5-S9), Fig. 9 (including steps S3-S14) and corresponding citations in the specification at 5:60-64, 6:30-7:54, 9:13-18, 9:28-44, and FIGS. 1, 4-6, and 9, as well as equivalents thereof<br><br>Defendant's Construction<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br><u>Function</u>: Claim 1: "for detecting change in said method of compression and encoding, and for transferring the decoding program code corresponding to the method of the compression and encoding after being changed, from said read-only memory to said first memory"<br><br>Claim 2: "for transferring said plural decoding program codes from said read only memory to said second memory in advance, as well as for detecting change in said method of compression and encoding, and for transferring the decoding program code corresponding to the method of the compression and encoding after being changed, from said read only memory to said first memory"<br><br><u>Structure</u>: Claims 1 &2 : an external CPU (FIG 1) connected via a bus between a read only memory and the first memory, running the algorithm of Figs. 4 and 5. (6:30–7:54) | ed.), for example, at p. 145.<br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Ketan Mayer-Patel and/or Dr. Wayne Stark |
| 19 | "a demultiplexer for inputting one audio data sequence which is compressed and encoded, being selected from a | Plaintiff's Construction<br><br>Not a means-plus-function term; plain and ordinary meaning | Plaintiff's Evidence<br><br>'491 Patent at 4:43-5:10, 6:30-7:54, 8:46-55, 10:19-28; FIGS. 1, 4, 6, 10-13 |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | plurality of audio data sequences which are multiplexed"<br><br>('491 Patent, Claims 7 and 8) | Defendants' Construction<br><br>Indefinite<br><br>Alternative if not indefinite: a demultiplexer that outputs one data sequence, which is compressed and encoded, to the input of a frame sync. The demultiplexer itself does this inputting and also extracts the method of compression and encoding. | In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Ketan Mayer-Patel and/or Dr. Wayne Stark |
| 20 | "a relation of said direction and a direction from said present place to said destination"<br><br>('317 Patent, Claims 1 and 10) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>Indefinite<br><br>Alternative if not indefinite:<br><br>"displaying a directional arrow or information without map information in a compressed form" | Plaintiff's Evidence<br><br>'317 Patent at 3:20-26, 5:16-21, 5:36-40, 6:51-7:42; FIGS 1, 3(a)-3(f), 4, 5, 8<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. |
| | | | Defendants' Evidence<br><br>Expert testimony of Dr. Scott Andrews |
| 21 | "walking navigation"<br><br>('317 Patent, Claims 1, 10, 15, 16, 17, and 20) | Plaintiff's Construction<br><br> "information to navigate a user who is walking"<br><br>Defendants' Construction<br><br>"display of information to assist a user in walking, not driving, in a system that is not usable in an object car that is running on a road" | Plaintiff's Evidence<br><br>'317 Patent at 3:27-42, 5:59-6:50, 7:43-9:39; FIGS. 1-8<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>'317 Patent at 1:31–43<br><br>Expert testimony of Dr. Scott Andrews |
| 22 | "said device connected to said server outputting said location information and said direction information and receiving retrieved information based on said outputted information at said server"<br><br>('317 Patent, Claim 6) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>Indefinite<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>Function: outputting said location information and said direction information and receiving retrieved information based on said outputted information at said server<br><br>Structure: insufficient corresponding structure is disclosed | Plaintiff's Evidence<br><br>'317 Patent at 4:13-39, 5:59-6:50, 9:16-10:22; FIGS. 9, 10<br><br>Oct. 1, 2001 Amendment in U.S. Appln. No. 09/613,634<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Scott Andrews |
| 23 | "an image sensing device having an array of pixels arranged vertically and horizontally in a grid pattern"<br><br>('729 Patent, Claim 1) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>**Function**: "for image sensing"<br><br>**Structure**: a solid state image sensing device with a light receiving sensor having an array of pixels arranged vertically and horizontally in a grid pattern and having an equal number of color sensitive filter elements arranged such that each color forms a vertical line.<br><br>*See* "a solid-state image sensing device with a light receiving sensor having an array of pixels arranged vertically and horizontally in a grid pattern, in an N number of vertically arranged pixel lines" (2:59)<br><br>*See also* FIGs 10, 13A, and 13B; [6:17-22]; [15:23-35] | Plaintiff's Evidence<br><br>'729 Patent at 1:25-31, 1:53-2:11, 2:61-63, 3:18-33, 4:36-65, 9:26-30, 10:23-33, 12:50-13:15, 15:23-55; FIGS. 1, 2, 7, 10, 13A, 13B<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | Expert testimony of Dr. Barmak Mansoorian |
| 24 | "an image-instability detector" ('729 Patent, Claim 1) | Plaintiff's Construction<br><br>"a device, such as a gyroscopic sensor or the like, capable of detecting an image instability of the electric camera"<br><br>Defendants' Construction<br><br>Indefinite<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>**Function**: "detecting an image-instability of the electric camera"<br><br>**Structure**: insufficient corresponding structure disclosed | Plaintiff's Evidence<br><br>'729 Patent at 1:53-2:11, 2:64-3:9, 7:11-28, 11:28; FIGS. 1, 7<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Barmak Mansoorian |
| 25 | "an amount of image-instability of the camera" ('729 Patent, Claim 1) | Plaintiff's Construction<br><br>"an amount of instability caused by vertical and/or horizontal movement of the electric camera" | Plaintiff's Evidence<br><br>'729 Patent at 1:53-2:11, 2:64-3:9, 4:29-33, 7:9-28 |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | Defendants' Construction<br><br>Indefinite | In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Barmak Mansoorian |
| 26 | "a signal processing unit configured to form image signals"<br><br>('729 Patent, Claim 1) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>Indefinite<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>**Function**: "configured to form image signals with a predetermined | Plaintiff's Evidence<br><br>'729 Patent at 4:18-20, 7:62-8:9, 9:5-25, 11:9-29; FIGS. 1, 7<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | view angle by using effective pixels of the image sensing device, during monitoring in a static image mode, to form image signals with a first view angle by using a first effective set of pixels of the image sensing device; during recording in the static image mode, to form image signals by using all effective pixels of the image sensing device, and during recording in a moving video mode, to form image signals with a second view angle, different from the first view angle, by using a second effective set of pixels which is a portion of the array of pixels of the image sensing device, and to change a position of the second effective set of pixels according to the amount of image-instability detected by the image-instability detector, in order to correct the image-instability"<br><br>**Structure**: no corresponding structure disclosed | knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br><br>Defendants' Evidence<br><br>Expert testimony of Dr. Barmak Mansoorian |
| 27 | "to change a position of the second effective set of pixels according to the amount of image-instability detected by the image-instability detector, in order to correct the image-instability"<br><br>('729 Patent, Claim 1) | Plaintiff's Construction<br><br>"based on the converted pixel numbers, the position of an extracted area (effective pixel area) on the light receiving surface is shifted"<br><br><br>Defendants' Construction<br><br>"Based on the converted pixel numbers, the position of an extracted area (effective pixel area) on the light receiving surface is shifted in a direction that cancels the image-instability." | Plaintiff's Evidence<br><br>'729 Patent at 7:18-21<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | constructions resulting from previous or concurrent litigation of the patent. |
| | | | Defendants' Evidence |
| | | | '720 Patent 7:18–21 |
| | | | 8/28/2013 Office Action |
| | | | 12/30/2013 Response to office action at 5–8 |
| | | | Expert testimony of Dr. Barmak Mansoorian |
| 28 | "a display unit configured to display an image corresponding to the image signals formed by the signal processing unit" ('729 Patent, Claim 1) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>**Function**: "for displaying an image corresponding to the image signals formed by the signal processing unit"<br><br>**Structure**: "display screen of a television system" (3:22-23) or other screen compatible with NTSC or PAL format (1:35–36; 10:19–21) | Plaintiff's Evidence<br><br>'729 Patent at Abstract, 1:31-52, 9:45-58<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | or concurrent litigation of the patent. |
| | | | Defendants' Evidence |
| | | | Expert testimony of Dr. Barmak Mansoorian |
| 29 | "A cellular telephone adapted to be used in a CDMA system, comprising" ('193 Patent, all asserted claims) | Plaintiff's Construction The preambles are not limiting. Defendants' Construction Preambles are limiting | Plaintiff's Evidence '193 Patent at 1:5-8, 10:46-60, and claim language In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. Defendants' Evidence Aug 2, 2001 Office Action Jan 2, 2002 Response to Aug 2, 2001 Office Action at 7–9 |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | Expert Testimony of  Dr. Zhi Ding |
| 30 | "variable amplitude amplifier" ('193 Patent, Claims 1 and 7) | Plaintiff's Construction<br><br>Plain and ordinary meaning<br><br>Defendants' Construction<br><br>"device that includes a first-stage amplifier, two filters, an up-converter, and a second-stage amplifier" | Plaintiff's Evidence<br><br>'193 Patent at 5:31-45, 6:1-4, 6:55-7:20, 10:46-60; FIGS. 2, 3<br><br>IBM Dictionary of Computing (1994 ed.), for example, at p. 24.<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br>Defendants' Evidence<br><br>'193 Patent at 5:19–24, 31–40; FIG 1, FIG 3, 6:55–7:20<br><br>The Authoritative Dictionary of IEEE Standards Terms, Seventh Edition (entries related to and/or containing |

| No. | Term | Proposed Construction | Evidence |
|---|---|---|---|
| | | | "variable," "amplitude," and "amplifier") |
| | | | Expert Testimony of Dr. Zhi Ding |
| | | | IBM Dictionary of Computing (10 ed.) (entries related to and/or containing "variable," "amplitude," and "amplifier"). |
| 31 | "function device(s)" ('794 Patent, Claims 1 and 9) "component device" / "component devices for performing different functions in the device" ('794 Patent, Claim 9) | Plaintiff's Construction "hardware, software, or a combination of the two that consumes power and implements one or more functions of the information processing device" Defendants' Construction Indefinite This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6. **Function**: "modem functions" (1:20); "audio communication function (function device A) and a videophone function (function device B)" (1:31-32); no function otherwise disclosed **Structure**: insufficient corresponding structure disclosed | Plaintiff's Evidence '794 Patent at 1:32-33, 2:21-24, 2:33-35, 6:14-15 In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent. Defendants' Evidence |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
| | | | '794 Patent 1:18–22, 29–35<br><br>Testimony of Andrew Wolfe |
| 32 | "a controller for receiving a method of compression and encoding from said demultiplexer . . ."<br><br>('695 Patent, Claims 1 and 4) | <u>Plaintiff's Construction</u><br><br>Not a means-plus-function term; plain and ordinary meaning.<br><br><u>Defendants' Construction</u><br><br>This is a means-plus-function element to be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>**Function**: "for receiving a method of compression and encoding from said demultiplexer, for detecting whether said method of compression and encoding changes to another method of compression and encoding or not, and if said method of compression and encoding changes changes, for downloading the decoding program code corresponding to said another method of compression and encoding to said memory from outside said memory<br><br>**Structure**: an external CPU (FIG 1) connected via a bus between a read only memory and the memory, running the algorithm of Figs. 4 and 5. (6:30–7:54) | <u>Plaintiff's Evidence</u><br><br>'695 Patent at 5:62-67, 6:31-7:65, 9:8-12, 9:22-37; FIGS. 1, 4-6, 9<br><br>IBM Dictionary of Computing (1994 ed.), for example, at p. 145.<br><br>In addition, Maxell may present an expert declaration (from any of the experts identified in Maxell's PR 4-2 disclosures) to provide an explanation of what a person of ordinary skill in the art would understand the claim term to mean, based on the knowledge, experience, and understanding of a person of ordinary skill in the art, and upon reviewing the claims of the patent, in view of the claim language, the drawings, the written description, and the specification of the patent as a whole, the file history of the patent, and prior constructions resulting from previous or concurrent litigation of the patent.<br><br><u>Defendants' Evidence</u><br><br>Testimony of Dr. Ketan Mayer-Patel and/or Dr. Wayne Stark |

| No. | Term | Proposed Construction | Evidence |
|-----|------|----------------------|----------|
|     |      |                      |          |

**V.      THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING**

Plaintiff and Defendants anticipate 7 hours as the total length of time necessary for the

claim construction hearing.

**VI.     WHETHER ANY PARTY PROPOSES TO CALL ONE OR MORE WITNESSES, INCLUDING EXPERTS, AT THE CLAIM CONSTRUCTION HEARING, THE IDENTITY OF EACH SUCH WITNESS, AND FOR EACH EXPERT, A SUMMARY OF EACH OPINION TO BE OFFERED IN SUFFICIENT DETAIL TO PERMIT A MEANINGFUL DEPOSITION OF THAT EXPERT**

At this time, Plaintiff does not expect to call any witnesses.

At this time, Defendants do not expect to call any witnesses.

**VII.    A LIST OF ANY OTHER ISSUES WHICH MIGHT APPROPRIATELY BE TAKEN UP AT A PREHEARING CONFERENCE PRIOR TO THE CLAIM CONSTRUCTION HEARING, AND PROPOSED DATES, IF NOT PREVIOUSLY SET, FOR ANY SUCH PREHEARING CONFERENCE**

None from Plaintiffs at this time.

None from Defendants at this time.

Dated: August 31, 2017

/s/ Jamie B. Beaber

Geoff Culbertson
Kelly Tidwell
**Patton, Tidwell & Culbertson, LLP**
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
Baldine B. Paul
Tiffany A. Miller
Saqib Siddiqui
Bryan Nese
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com
bnese@mayerbrown.com

Amanda K. Streff
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
astreff@mayerbrown.com

*Counsel for Plaintiff Hitachi Maxell, Ltd.*

/s/ Stanley Young

Stanley Young (syoung@cov.com)
Admitted in ED Texas; CA Bar. No. 121180
Anupam Sharma (asharma@cov.com)
Hyun S. Byun (hbyun@cov.com)
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Gregory S. Nieberg (gnieberg@cov.com)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Derek J. Andros (dandros@cov.com)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Jennifer P. Ainsworth
(jainsworth@wilsonlawfirm.com)
**Wilson, Robertson & Cornelius, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5001
Facsimile: (903) 509-5091

*Counsel for Defendants HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.*

/s/ Steven A. Moore

Steven A. Moore (232114)
steve.moore@pillsburylaw.com
Callie A. Bjurstrom (137816)
callie.bjurstrom@pillsburylaw.com
Nicole S. Cunningham (234390)
nicole.cunningham@pillsburylaw.com
Matthew R. Stephens (288223)
matthew.stephens@pillsburylaw.com
**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
619.234.5000
619.236.1995

Eric H. Findlay
State Bar No.00789886
Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, TX 75702
(903) 534-1100
(903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Counsel for Defendant ZTE (USA) INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served this 31sy day of August, 2017, with a copy of this document via the

Court's CM/ECF system.

*/s/ Jamie B. Beaber*
Jamie B. Beaber