PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>               *Plaintiff*,<br><br>v.<br><br>HUAWEI DEVICE USA INC. and<br>HUAWEI DEVICE CO., LTD.,<br><br>               *Defendants*. | Case No. 5:16-cv-00178-RWS<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| MAXELL, LTD.,<br><br>               *Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION and<br>ZTE USA INC.,<br><br>               *Defendants*. | Case No. 5:16-cv-00179-RWS<br><br>**JURY TRIAL DEMANDED** |

## MAXELL, LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. § 103 OF CLAIMS 1-7 OF U.S. PATENT NO. 6,408,193

Pursuant to Federal Rule of Civil Procedure 56, Local Rule CV-56, and this Court's Docket Control Order (Dkt. No. 70), Plaintiff Maxell, Ltd.'s moves for partial summary judgment of no invalidity under 35 U.S.C. § 103 of claims 1-7 of U.S. Patent No. 6,408,193 (the "'193 Patent") based on the Applicant Admitted Prior Art (AAPA) to the '193 Patent. The reasons for granting this motion are set forth in Maxell's Memorandum of Law in Support of this Motion, filed concurrently herewith.

**PUBLIC VERSION**

**TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................................. 1

II.      LEGAL STANDARDS .......................................................................................... 1

         A.      Summary Judgment ................................................................................. 1

         B.      Invalidity ................................................................................................. 2

III.     STATEMENT OF UNDISPUTED FACTS ........................................................... 4

IV.      STATEMENT OF THE ISSUE FOR THE COURT TO DECIDE .................................. 5

V.       ARGUMENT ...................................................................................................... 5

VI.      CONCLUSION ................................................................................................... 7

PUBLIC VERSION

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Labs. v. Sandoz, Inc.*,
    544 F.3d 1341 (Fed. Cir. 2008) ............................................................................2

*Balivi Chem. Corp. v. JMC Ventilation Refrigeration LLC*,
    No. 1:07-cv-353, 2010 U.S. Dist. LEXIS 65695 (D. Idaho June 29, 2010) .........................3, 6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................1, 2

*Dennison Mfg. Co. v. Panduit Corp.*,
    475 U.S. 809 (1986) ......................................................................................2

*Eason v. Thaler*,
    73 F.3d 1322 (5th Cir. 1996) ............................................................................1

*Eli Lilly and Co. v. Barr Labs., Inc.*,
    251 F.3d 955 (Fed. Cir. 2001) ..........................................................................3

*Forsyth v. Barr*,
    19 F.3d 1527 (5th Cir. 1994) ............................................................................1

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    582 F.3d 1288 (Fed. Cir. 2009) ........................................................................2

*Ivera Med. Corp. v. Hospira, Inc.*,
    801 F.3d 1336 (Fed. Cir. 2015) ........................................................................2

*KSR Int'l Co. v. Teleflex Inc.*,
    550 U.S. 398 (2007) ......................................................................................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ......................................................................................1

*Microsoft Corp. v. i4i Limited Partnership*,
    564 U.S. 91 (2011) ........................................................................................3

*Ragas v. Tenn. Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) ............................................................................1

*Smith & Nephew, Inc. v. Arthrex, Inc.*,
    355 F. App'x. 384 (Fed. Cir. 2009) ....................................................................3

**PUBLIC VERSION**

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
    No. 6:11-cv-455, 2014 U.S. Dist. LEXIS 91036 (E.D. Tex. July 3, 2014) ..........................1, 3

**Statutes**

35 U.S.C. § 102 ..................................................................................................................................3

35 U.S.C. § 103 ............................................................................................................................1, 2, 3

35 U.S.C. § 103(a) ............................................................................................................................2

35 U.S.C. § 282 ..................................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 56(c) .......................................................................................................................1

## I.      INTRODUCTION

Plaintiff Maxell, Ltd. ("Maxell") moves for partial summary judgment that claims 1-7 of U.S. Patent No. 6,408,193 (the "'193 Patent") are not invalid in view of the so-called Applicant's Admitted Prior Art (AAPA) in the background of the '193 Patent. Dr. Ding never addresses certain limitations of independent claims 1 and 7 and never identifies a reason for why or how a person of ordinary skill would modify the AAPA to arrive at the claimed inventions.

Because of these shortcomings, ZTE cannot meet its burden to clearly and convincingly show that claims 1-7 of the '193 are obvious based on the AAPA, and  partial summary judgment of no invalidity under 35 U.S.C. § 103 based on the AAPA should be granted here.

## II.     LEGAL STANDARDS

### A.      <u>**Summary Judgment**</u>

Summary judgment shall be rendered when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-cv-455, 2014 U.S. Dist. LEXIS 91036, at *5 (E.D. Tex. July 3, 2014). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**PUBLIC VERSION**

Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B.     **Invalidity**

A patent is invalid under 35 U.S.C. § 103(a) "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015).

Once an invention is known, it can be very tempting to look back on the prior art and selectively pick and choose features from the prior art to recreate that invention. It is critical when analyzing obviousness, however, to avoid such use of hindsight. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1348 (Fed. Cir. 2008) quoting *Dennison Mfg. Co. v. Panduit Corp.*, 475 U.S. 809, 810 (1986) ("[T]he district court is not to rely on hindsight and [] 'in addressing the question of obviousness a judge must not pick and choose isolated elements from the prior art and combine them so as to yield the invention in question if such a combination would not have been obvious at the time of the invention.'").

One of the ways that the law prevents such hindsight is to require some "apparent reason to combine the known elements" as claimed in the patent when the prior art references are combined to invalidate a claim under 35 U.S.C. § 103. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1300-01 (Fed.

2

**PUBLIC VERSION**

Cir. 2009) ("It remains appropriate for a post-*KSR* court considering obviousness 'to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.'").

An issued patent enjoys a presumption of validity. *See* 35 U.S.C. § 282. This presumption places the burden on the challenging party to prove the patent's invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Limited Partnership*, 564 U.S. 91, 95-96 (2011). "[A] moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly and Co. v. Barr Labs., Inc.,* 251 F.3d 955, 962 (Fed. Cir. 2001).

District courts have routinely found no question of fact and granted motions for summary judgment of no invalidity where defendants presented insufficient evidence to establish invalidity under 35 U.S.C. §§ 102 and 103. *See, e.g., ThinkOptics*, 2014 U.S. Dist. LEXIS 91036, at *14 (granting summary judgment of no invalidity because defendants failed to show the prior art system disclosed every element of the claimed invention); *Balivi Chem. Corp. v. JMC Ventilation Refrigeration LLC*, No. 1:07-cv-353, 2010 U.S. Dist. LEXIS 65695, at *47-48 (D. Idaho June 29, 2010) (granting summary judgment of no invalidity because defendant failed to present sufficient evidence that a person of ordinary skill in the art had ever thought of combining the claimed elements in the way the patent applicant did).

Similarly, where no reference in a proposed combination of prior art teaches a particular claim limitation, the invention is not obvious in view of that combination. *Smith & Nephew, Inc. v. Arthrex, Inc.*, 355 F. App'x. 384, 389 (Fed. Cir. 2009).

3

### III.    STATEMENT OF UNDISPUTED FACTS

There are no material facts in dispute related to this issue. Dr. Ding's expert report says what it says, as does his deposition testimony. The following undisputed facts are relevant to this motion:

1.      In his expert report on invalidity, Dr. Zhi Ding opines that "Claims 1, 6, 7 [sic] are obvious in view of the AAPA to the '193 Patent." Ex. A[1] (Ding Invalidity Rep.) at ¶ 408.[2]

2.      Claim 1 of the '193 Patent recites "said controller includes a central processing unit and a memory" ("limitation 1(g)(ii)"). Ex. C ('193 Patent) at 11:21-22.

3.      Dr. Ding's report does not show how the AAPA teaches "limitation 1(g)(ii)" of claim 1 of the '193 Patent. *See* Ex. A (Ding Invalidity Rep.) at ¶¶ 264-77. His report fails to relate the AAPA to this limitation at all. *See id.*

4.      Claim 7 of the '193 Patent recites "wherein said transmitter includes a variable amplitude amplifier and a power amplifier, said power amplifier includes a maximum power detector, said controller includes a central processing unit and a memory, said controller controls said transmitter so that an open-loop power control is performed and then a closed-loop power control is performed according to said power control signal so as to control the transmitted power to converge into a range required by said cell-site station, said controller controls a gain of said variable amplitude amplifier using a function defining a relation between bias data and gain data stored in said memory, and said maximum power detector controls and output power of said power amplifier" ("limitation 7(g)"). Ex. C ('193 Patent) at 12:34-47.

---

[1] References to "Ex." throughout this brief refer to the Declaration of Bryan Nese filed concurrently herewith.
[2] Dr. Ding also thought that claims 1, 6, and 7 were anticipated by the AAPA. Ex. A (Ding Invalidity Rep.) at ¶ 407. However, at his deposition, Dr. Ding agreed to drop this anticipation opinion. Ex. B (Ding Dep.) at 50:19-24 ("██████ ██████████████████████████████████████████████████████████████████████████████████ "), 51:18-23 ("████████████████████████████████████████████ ████████████████████████████ ").

5.      Dr. Ding's report does not show how the AAPA teaches "limitation 7(g)" of claim 7 of the '193 Patent. *See* Ex. A (Ding Invalidity Rep.) at ¶¶ 345-74. His report fails to relate the AAPA to this limitation at all. *See id.*

6.      Claims 2-6 of the '193 Patent each depend, directly or indirectly, from claim 1 of the '193 Patent. Ex. C ('193 Patent) at 11:32-12:7.

## IV.    STATEMENT OF THE ISSUE FOR THE COURT TO DECIDE

This motion presents a single issue for the Court to consider: Should partial summary judgment of no invalidity be granted for an obviousness argument when an expert fails to address a limitation of the claims for that obviousness argument?

## V.     ARGUMENT

This Court should grant partial summary judgment of no invalidity of claims 1-7 of the '193 Patent based on obviousness in view of the AAPA alone. First, Dr. Ding has presented no opinions that the AAPA alone teaches certain limitations of independent claims 1 and 7. This omission is fatal to Dr. Ding's AAPA-based obviousness argument, and partial summary judgment of no invalidity is appropriate here.

Dr. Ding fails to show how the AAPA alone teaches every limitation of claims 1 and 7 of the '193 Patent. Specifically, Dr. Ding has offered no opinions that the AAPA teaches certain limitations of independent claims 1 and 7:

- "said controller includes a central processing unit and a memory" of claim 1 ("limitation 1(g)(ii)") (*see id.* at ¶¶ 264-77); and

- "wherein said transmitter includes a variable amplitude amplifier and a power amplifier, said power amplifier includes a maximum power detector, said controller includes a central processing unit and a memory, said controller controls said transmitter so that an open-loop power control is performed and then a closed-loop power control is performed according to said power control signal so as to control the transmitted power to converge into a range required by said cell-site station, said controller controls a gain of said variable amplitude amplifier using a function defining a relation between bias data and gain data

5

stored in said memory, and said maximum power detector controls and output power of said power amplifier" of claim 7 ("limitation 7(g)") (*see id.* at ¶¶ 345-74).

Dr. Ding fails to show how the AAPA teaches these limitations in his report, and he did not address this deficiency at his deposition. Without showing that each limitation would be taught by the references comprising the AAPA, ZTE cannot possibly prove by clear and convincing evidence that the AAPA renders the claims of the '193 Patent obvious.

Because Dr. Ding never opines that the AAPA teaches limitations 1(g)(ii) and 7(g), ZTE cannot meet its burden to show by clear and convincing evidence that AAPA alone renders obvious claims 1, 6, and 7. Likewise, ZTE has failed to present sufficient facts upon which a reasonable jury could find clear and convincing evidence that the claims of the '193 Patent would have been obvious based on the AAPA. For this reason alone, partial summary judgment of no invalidity based on the AAPA is appropriate.

In addition, and as explained in Maxell's *Daubert* motion related to the '193 Patent (filed concurrently), summary judgment is also appropriate because Dr. Ding never identifies a reason for why or how a person of ordinary skill in the art would have combined the five references making up the AAPA. *See* Ex. A (Ding Invalidity Rep.) ¶¶ 420-93 (nowhere relaying a reason to combine the five AAPA references with each other); Ex. B (Ding Dep.) at 85:11-18 (Dr. Ding admitting that he did not identify a reason to combine the five AAPA references), 86:1-4, 86:9-11.

This additional failing by Dr. Ding also warrants summary judgment here. *See Balivi*, 2010 U.S. Dist. LEXIS 65695, at *47-48 (granting summary judgment of no invalidity when defendant failed to present evidence of a reason why a person of ordinary skill would have combined the prior art).

**PUBLIC VERSION**

## VI.    CONCLUSION

Summary judgment should be granted dismissing Defendant's defenses and

counterclaims of invalidity of claims 1-7 of U.S. Patent No. 6,408,193 based on AAPA.

Dated: March 2, 2018                      By:    */s/ Jamie B. Beaber*

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
Baldine B. Paul
Tiffany A. Miller
Saqib Siddiqui
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com

Robert G. Pluta
Amanda S. Bonner
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com
asbonner@mayerbrown.com

**PUBLIC VERSION**

*Counsel for Plaintiff Maxell, Ltd.*

PUBLIC VERSION

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of March, 2018, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

*/s/ Jamie B. Beaber*
Jamie B. Beaber

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jamie B. Beaber*
Jamie B. Beaber