IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>                      *Plaintiff*,<br><br>v.<br><br>HUAWEI DEVICE USA INC. and<br>HUAWEI DEVICE CO., LTD.,<br><br>                      *Defendants*. | Case No. 5:16-cv-00178-RWS<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION TO STAY**

Plaintiff Maxell, Ltd. ("Maxell") and Defendants Huawei Device USA Inc. and Huawei Device Co., Ltd. ("Huawei"), by and through their counsel of record, hereby submit this joint motion to stay this case in its entirety. This Motion is based on the agreements set forth herein and in view of Maxell's position that the case is not ready for trial and the institution of trial on the *Inter Partes Review* (IPR) Petitions for U.S. Patent Nos. 6,928,292 (IPR2018-00210), 6,754,440 (IPR2018-00233), and 7,509,139 (IPR2018-00209). The parties request that this case be stayed through the appeals on the instituted IPRs filed by Huawei, including for any pending IPRs for the patents-in-suit that Huawei previously filed.

In an effort to narrow the disputes between the parties, the parties further agree to withdraw the following motions with the understanding that these motions cannot be re-filed based on the same issues:

1. **Docket No. 231** – Maxell's Motion for Sanctions on Defendants Huawei Device USA Inc. and Huawei Device Co., Ltd., filed March 14, 2018.

2. **Docket No. 272** – Huawei's Motion for Summary Judgment on the Non-Infringement of

      U.S. Patent No. 7,671,901, filed May 4, 2018;

3. **Docket No. 276** – Huawei's Motion for Summary Judgment on the Non-Infringement of U.S. Patent No. 7,203,517, filed May 4, 2018;

4. **Docket No. 275** – Huawei's Motion for Summary Judgment on the Non-Infringement of U.S. Patent No. 6,856,760, filed May 4, 2018; and

5. **Docket No. 265** – Huawei's Motion to Strike Portions of Dr. Souri's Expert Report on Infringement of U.S. Patent No. 7,671,901, filed May 4, 2018.

      Huawei's position is that several of the pending motions listed above turn on claim construction disputes between the parties. When the stay is lifted, to the extent necessary, Huawei will request the Court to conduct a brief *Markman* proceeding to resolve any such remaining claim construction issues prior to proceeding to trial.

      Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay to allow the parties time to prepare their case for trial efficiently for the benefit of the Court and the Jury and pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts tend to consider three factors when deciding whether to stay litigation: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *See NFC Tech. LLC v. HTS America, Inc.*, Case No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015); *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors."

*EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

A stay is appropriate here. First, because both parties consent to the stay, there is no risk of undue prejudice to either party. Second, although the case is set for trial in June, there are numerous outstanding disputes and pending motions that must be resolved in advance of trial, and a stay will allow the parties to work through the outstanding issues currently before the Court in order for the case to proceed to trial in a more efficient manner.  A stay would also permit the parties to streamline their claims and defenses.  Furthermore, staying the litigation pending the final outcome of the IPRs, including any appeals, on the patents-in-suit could narrow the issues before the Court and encourage settlement or dismissal. Finally, proceedings before the PTAB will result in an expanded intrinsic record which will aid the parties and guide the Court regarding issues of claim scope. Thus, all three *Soverain* factors weigh in favor of a stay.

Accordingly, both parties request that this case be stayed.

| | |
|---|---|
| DATED: May 30, 2018 | Respectfully submitted, |

*/s/ Geoff Culbertson*

Geoff Culbertson
Kelly Tidwell
**Patton, Tidwell & Culbertson, LLP**
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
Baldine B. Paul
Tiffany A. Miller
Saqib Siddiqui
Bryan Nese
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com
bnese@mayerbrown.com

Amanda K. Streff
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
astreff@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd.*

*/s/ Stanley Young*

Stanley Young (syoung@cov.com)
Admitted in ED Texas; CA Bar. No. 121180
Anupam Sharma (asharma@cov.com)
Hyun S. Byun (hbyun@cov.com)
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Gregory S. Nieberg (gnieberg@cov.com)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Derek J. Andros (dandros@cov.com)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Jennifer P. Ainsworth
(jainsworth@wilsonlawfirm.com)
**Wilson, Robertson & Cornelius, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5001
Facsimile: (903) 509-5091

*Counsel for Defendants HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 30th day of May, 2018.

/s/ Geoff Culbertson